**James Allen TRIMPER, Plaintiff,**

v.

**HARRIS CORPORATION, as successor in interest to Sheridan Manufacturing Company, Defendant.**

**Civ. No. 75–71774.**

United States District Court,
E. D. Michigan, S. D.

Dec. 16, 1977.

Gary C. Berger, Jared P. Buckley, Detroit, Mich., for plaintiff.

James N. Martin, Harvey, Kruse & Westen, P. C., Detroit, Mich., for defendant.

Richard J. Tonkin, Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C., Detroit, Mich., for Bruno-Sherman, defendant in No. 76–72107.

MEMORANDUM OPINION

CHURCHILL, District Judge.

The plaintiff's factual allegations are summarized in *Trimper v. Bruno-Sherman*

*Corporation,* 436 F.Supp. 349 (E.D.Mich. 1977). This action is the action referred to therein as "our case No. 75–71774". On page 350 of that opinion the Court stated:

"Ultimately, it may be necessary to determine whether, under the circumstances, there is continuing liability of Harris Corporation . . ."

By a motion for summary judgment filed by Harris Corporation, that issue is now raised.

In *Turner v. Bituminous Casualty Co.,* 397 Mich. 406, 244 N.W.2d 873 (1976), the Michigan Supreme Court explained (1) the necessity for imposing vicarious liability upon on Harris Intertype Corporation and (2) the rational legal basis for such liability. This Court's understanding of the Michigan *Turner* doctrine is explained in *Trimper v. Bruno-Sherman Corporation, supra.*

By terms of the sale from Harris Corporation to Bruno-Sherman Corporation, Harris Corporation made it possible for Bruno-Sherman Corporation to continue the illusion of continuity of enterprise between the original manufacturer and Bruno-Sherman Corporation. Under the circumstances, it is consistent with the public policy of the State of Michigan defined in *Turner* to hold both Harris Corporation and Bruno-Sherman Corporation vicariously liable to the injured party. It is not the injured party's concern as to how that liability, if he wins his suit, will be allocated or borne as between them.

For the foregoing reasons, the motion for summary judgment will be denied.