[679 NYS2d 740]

JAMES HART, Respondent, v BRUNO MACHINERY CORPORATION, Individually and as Successor in Interest to BRUNO-SHERMAN CORPORATION, Appellant and Fourth-Party Plaintiff-Respondent. HARRIS CORPORATION et al., Fourth-Party Defendants-Appellants. (And a Third-Party Action.)

Third Department, November 5, 1998

## APPEARANCES OF COUNSEL

*Pemberton & Briggs,* Schenectady (*Paul Briggs* of counsel), for appellant and fourth-party plaintiff-respondent.

*Costello, Shea & Gaffney,* New York City (*Steven E. Garry* of counsel), for fourth-party defendants-appellants.

*Gordon, Siegel, Mastro, Mullaney, Gordon & Galvin,* Schenectady (*John R. Seebold* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

On April 18, 1988, plaintiff, an employee of Carville-National Leather Corporation (hereinafter Carville), sustained severe injuries to his left hand when it was crushed by an allegedly malfunctioning leather embossing press manufactured in 1946 by T.W. & C.B. Sheridan Company (hereinafter Old Sheridan) and purportedly sold to Carville by defendant. Thereafter, plaintiff commenced this negligence and strict products liability action against defendant alleging, *inter alia*, that defendant failed to warn of the dangers of the press and "negligently failed to properly rebuild, recondition, repair, modify, maintain and/or service the said press". Defendant, in turn, commenced a fourth-party action seeking indemnification and/or contribution from, among others, Harris Corporation (hereinafter Harris).[1] Following discovery, Harris and defendant moved for summary judgment dismissing plaintiff's complaint on the ground that successor corporation liability could not be imposed upon them or, alternatively, that they were shielded from liability since the press had been substantially modified after having been placed in the stream of commerce. Supreme Court denied the motions, prompting this appeal.

Before discussing the doctrine of successor corporation liability, it is necessary to trace the corporate history of the defendants. On April 13, 1964, Old Sheridan sold its entire manufacturing business, good will, trade name and substantially all other assets to Harris-Intertype Corporation, which formed a new wholly owned subsidiary, T.W. & C.B. Sheridan

---

1. Defendant previously commenced a third-party action for indemnification and/or contribution against Carville.

Company (hereinafter New Sheridan), to receive these assets and to continue the manufacturing operation of Old Sheridan. On May 5, 1964, Old Sheridan was dissolved and its corporate officers became officers of New Sheridan, which remained a wholly owned subsidiary of Harris-Intertype until 1968 when it was merged into that entity. In 1972, Harris-Intertype sold to defendant all assets used in the manufacture of the Sheridan press along with the good will related to the Sheridan press. In 1974, Harris-Intertype changed its name to Harris Corporation and continued to manufacture different products.

We agree that, on these facts, the four generally recognized exceptions to the traditional rule that a corporation that acquires the assets of another is not liable for the torts of its predecessor are not applicable (*see, Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245). This does not end our discussion since, upon the advent of the strict products liability cause of action, some courts, believing that the four exceptions formulated in the context of corporate law were too narrow, crafted a new exception known as the product line exception (*see, Ray v Alad Corp.*, 19 Cal 3d 22, 560 P2d 3; *Ramirez v Amsted Indus.*, 86 NJ 332, 431 A2d 811; *Garcia v Coe Mfg. Co.*, 123 NM 34, 933 P2d 243; *Dawejko v Jorgensen Steel Co.*, 290 Pa Super 15, 434 A2d 106). To invoke this exception, it must be shown that (1) the injured party's remedy against the original manufacturer was virtually destroyed by the successor's acquisition of substantially all the predecessor's assets, (2) the successor continued to manufacture essentially the same line of products as its predecessor, (3) the successor had the ability to assume the original manufacturer's risk-spreading role, and (4) the successor benefited from the original manufacturer's good will (*see, Ray v Alad Corp., supra*, 19 Cal 3d, at 31, 560 P2d, at 9; *Ramirez v Amsted Indus., supra*, 86 NJ, at 358, 431 A2d, at 825; *Rothstein v Tennessee Gas Pipeline Co.*, 174 Misc 2d 437, 443-444).

Applying these principles, a New Jersey court found the product line exception applicable to defendant, pointing out that it benefited from its use of the Sheridan trade name and good will in manufacturing the same line of products and from holding itself out to customers and the public as substantially the same manufacturing enterprise (*Nieves v Bruno Sherman Corp.*, 86 NJ 361, 368, 431 A2d 826, 830). Likewise, the court found that successor corporation liability could be imposed upon Harris even though it was not the current manufacturer of the Old Sheridan press product line since its acquisition of

Old Sheridan contributed to the destruction of plaintiff's remedies against Old Sheridan and it was an integral part of the over-all producing and marketing enterprise that should bear the cost of injuries resulting from defective products (*id.*, 86 NJ, at 370, 431 A2d, at 831).[2]

While the product line exception has not been universally embraced (*see, Travis v Harris Corp.*, 565 F2d 443, 448; *see also*, 63 Am Jur 2d, Products Liability, § 134, at 176), we have signaled our receptiveness in strict products liability cases to an expansion of the four recognized exceptions to the general rule of successor corporation liability, recognizing that the purpose of the rule of strict products liability is to assure that a responsible source is available to compensate the injured party (*see, Winch v Yates Am. Mach. Co.*, 205 AD2d 1001, *lv dismissed* 84 NY2d 1027). Accordingly, we shall proceed to ascertain if the record presents a material issue of fact regarding the application of the product line exception to this case.

There is no dispute that plaintiff may not proceed against Old Sheridan since that entity was dissolved following the acquisition of substantially all of its assets by Harris, which continued the manufacture of Sheridan presses. Having acquired all of the assets and sources of information relative to the Sheridan press product line, defendant and Harris virtually had the same capacity as Old Sheridan to estimate the risk of claims for injuries from defects in previously manufactured Sheridan presses and to spread the costs associated with those risks to current or potential customers. Finally, the record establishes that defendant and Harris acquired Old Sheridan's good will and trade name and utilized those assets in their continuing manufacture and sale of Sheridan presses. Based on the foregoing, we conclude that there is a material issue of fact as to whether defendant and Harris are liable under the product line exception. Therefore, Supreme Court properly denied the motions for summary judgment on the issue of successor corporation liability.

Alternatively, defendant and Harris argue that liability cannot be imposed upon them because substantial modifications or alterations were made to the subject press by third parties which rendered it defective or otherwise unsafe (*see, Ernest v S.M.S. Eng'g*, 223 AD2d 801). They support their argument

---

**2.** Successor corporation liability has also been imposed upon Harris and defendant under the continuing enterprise exception (*see, Trimper v Harris Corp.*, 441 F Supp 346; *Trimper v Bruno-Sherman Corp.*, 436 F Supp 349; *Turner v Bituminous Cas. Co.*, 397 Mich 406, 244 NW2d 873).

with an affidavit by an expert who opines that plaintiff's accident would not have occurred had not certain safety features been removed from the press prior thereto. Plaintiff's expert, on the other hand, concluded that the press had not been substantially modified and that at the time of plaintiff's accident it operated in essentially the same manner as when it was originally designed and manufactured. Inasmuch as plaintiff's expert set forth satisfactory foundational evidence supporting his opinion, it was sufficient to create a material issue of fact on the issue of substantial modification (*see, Baluchinsky v General Motors Corp.*, 248 AD2d 574). Moreover, the respective affidavits present a credibility issue which cannot be resolved on a motion for summary judgment (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 631). For these reasons, defendant and Harris were not entitled to summary judgment on this issue.

MIKOLL, J. P., CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order is affirmed, with costs to plaintiff.