■ CITY OF NEW YORK et al., Appellants, v CHARLES PFIZER & COMPANY, INC., Respondent, et al., Defendants. (Action No. 1.) CITY OF NEW YORK et al., Appellants, v CHARLES PFIZER & COMPANY, INC., Respondent, et al., Defendants. (Action No. 2.) CITY OF NEW YORK, Appellant, v CHARLES PFIZER & COMPANY, INC., Respondent, et al., Defendants. (Action No. 3.) [688 NYS2d 23] —Judgments, Supreme Court, New York County (Stanley Sklar, J.), entered April 24, 1997 in Action No. 1 (Index No. 44559/84), September 17, 1997 in Action No. 2 (Index No.

19280/87), and September 17, 1997 in Action No. 3 (Index No. 19288/87), dismissing the respective complaints as to defendant Charles Pfizer & Company, Inc. pursuant to the court's order (one paper), entered December 11, 1996, which granted such defendant's motion for summary judgment dismissing the complaint as to it in each action and denying plaintiffs' cross motion for partial summary judgment on the issue of liability as to such defendant in each action, unanimously affirmed, without costs.

In these actions, plaintiffs seek to recover the costs of abating asbestos-containing materials from their buildings. Defendant Pfizer is sued solely based on the installation in certain of plaintiffs' buildings prior to 1955 of the asbestos-containing lime-based acoustical plaster Kilnoise, which was manufactured and sold by the now defunct Kelley Island Lime and Transport Company, subsequently (after merger with another entity) known as Kelley Island Company (collectively, Kelley Island). In 1955, Basic Refractories, Incorporated, now known as Basic Incorporated (Basic), purchased all of Kelley Island's assets (except for the stock of a wholly-owned subsidiary not here pertinent) and Kelley Island was dissolved. In 1957, Basic incorporated a wholly-owned subsidiary, Tiger Brands, Inc. (Tiger Brands) to conduct its building materials businesses, including the Kilnoise product line, among other lime-based products. In 1962, Basic sold its lime product business to Gibsonburg Lime Products Corporation (Gibsonburg), which in 1964 sold all of its assets to Pfizer and dissolved. Pfizer continued to manufacture and sell Kilnoise until it discontinued the product in 1972.

We agree with the IAS Court that Gibsonburg, Pfizer's predecessor-in-interest, did not, by reason of the provision in its contract to purchase Basic's lime products business that Basic would indemnify it against claims arising "with respect to any hydrated lime products sold by Basic prior to the Closing Date", impliedly assume the liabilities of Basic's predecessor-in-interest in the lime products business, Kelley Island. Had the parties intended that Gibsonburg assume such liabilities, they would have expressly so provided in their agreement.

We also agree with the IAS Court that Gibsonburg did not succeed to the liabilities of Kelley Island by virtue of any de facto merger, inasmuch as Basic, which had succeeded to Kelley Island's liabilities through the 1955 transaction, cannot be deemed to have been "merged" into Gibsonburg. Basic sold Gibsonburg only a small part of its business, continues to do

business in other fields until this day, and is in fact a codefendant in these actions. Thus, the rationale for the merger exception to the general rule that the purchaser of corporate assets does not succeed to the seller's tort liabilities, which is "the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities" in order "to ensure that a source remains to pay for the victim's injuries" (*Grant-Howard Assocs. v General Housewares Corp.*, 63 NY2d 291, 296-297), is entirely lacking in this case, and there is no basis for a finding of de facto merger as a matter of law.

Nor can it be found that Gibsonburg succeeded to Kelley Island's liabilities through a de facto merger with Tiger Brands, Basic's subsidiary, inasmuch as there is no evidence in the record tending to show that Tiger Brands, which was not incorporated until two years after the dissolution of Kelley Island, ever assumed such liabilities. To the extent Tiger Brands may have shared in such liabilities as an alter ego of Basic, Tiger Brands was insufficiently distinct from Basic to be deemed to have been merged into Gibsonburg in the 1962 transaction.

We decline to follow the Third Department in adopting the "product line" theory of successor's liability as adopted in certain other jurisdictions (*see, Hart v Bruno Mach. Corp.*, 250 AD2d 58, 60, citing, *inter alia, Ray v Alad Corp.*, 19 Cal 3d 22, 560 P2d 3; *Ramirez v Amsted Indus.*, 86 NJ 332, 431 A2d 811). We understand the Court of Appeals to have rejected this theory in *Schumacher v Richards Shear Co.* (59 NY2d 239, 245). Were the question open, we would decline to adopt the "product line" approach as a radical change from existing law implicating complex economic considerations better left to be addressed by the Legislature (*see,* Restatement [Third] of Torts: Products Liability § 12, comment *b,* and note thereto). Finally, we note that, to the extent the "product line" approach may have merit as a matter of policy, there is no reason to apply it in this case, where plaintiffs have a viable remedy under established principles of successor liability against an existing, active and solvent corporation (Basic).

We have considered plaintiffs' remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Tom, Lerner and Rubin, JJ.