■ WORLDCOM NETWORK SERVICES, INC., Doing Business as WILTEL, Appellant, v POLAR COMMUNICATIONS CORPORATION,

Also Known as POLAR NET COMMUNICATIONS CORPORATION, et al., Defendants, and ETS, INC., Respondent. [718 NYS2d 337] —Order and judgment, Supreme Court, New York County (Barry Cozier, J.), entered April 12, 2000 and July 6, 2000, respectively, which granted ETS, Inc.'s motion pursuant to CPLR 3211 and dismissed the complaint as against it, unanimously affirmed, with costs.

Although plaintiff seeks to impose liability upon ETS, Inc. by reason of ETS's purported status as successor to the liabilities of defendant Polar Communications Corporation, plaintiff has failed to allege facts that would support its successor liability claim (*see*, *Grant-Howard Assocs. v General Housewares Corp.*, 63 NY2d 291, 296; *Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245; *Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243). Indeed, but for the plainly insufficient circumstance that the three individuals who formed ETS were once employed by Polar, the pleadings and evidence fail to provide any ground to infer a relationship between ETS and Polar, much less a relationship sufficiently close to serve as a predicate for the imposition of successor liability (*see*, *id.*).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.