■ CITY OF NEW YORK, Respondent, v AAER SPRAYED INSULATIONS, INC., a Division of ROGERS INSULATING & ROOFING COMPANY, INC., et al., Defendants, and BASIC, INC., Appellant. (And Other Actions.) [722 NYS2d 20] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered December 3, 1999, which, to the extent appealed from, denied the motion of defendant-appellant Basic, Inc. for partial summary judgment in three related actions, unanimously affirmed, without costs.

In 1955, Basic bought the building materials manufacturing line of Kelley Island Company, which had begun the process of liquidation. Two months after the sale, Kelley Island was formally dissolved. Among the product lines which Basic purchased was a product known as Kilnoise, a lime-based material which contained asbestos. Prior to 1955, Kelley Island sold products containing Kilnoise to plaintiffs-respondents City of New York and the Board of Education for use in school buildings and other municipal structures. In 1957, Basic incorporated a wholly-owned subsidiary, Tiger Brands, Inc., to conduct its building materials business. In 1962, Basic sold Tiger Brands to Gibsonburg Lime Products Corporation, which, in turn, sold the business to Charles Pfizer & Co. Inc. (Pfizer).

These consolidated actions were commenced by the City and the Board of Education in 1984 and 1987 to recover from various manufacturers for the cost of removal of asbestos from City buildings. Pfizer successfully moved to dismiss the complaint against it, arguing that it could not have successor liability. This Court affirmed the dismissal as against Pfizer (*City of New York v Pfizer & Co.*, 260 AD2d 174), finding that there was no implicit assumption by Pfizer of the obligations of its predecessors, and also concluding that there was no de facto merger of Basic into Gibsonburg because Gibsonburg purchased only a portion of Basic's assets, and because Basic continued as a viable business.

Basic then moved to dismiss the complaint against it on the theory that there was no de facto merger by it with Kelley Island's business, since it only purchased a portion of the Kelley Island business. The IAS court disagreed, and we affirm. When Basic purchased the Kelley Island building materials business, Kelley Island was in liquidation and dissolved soon thereafter. Kelley Island had no substantial assets left other than the building materials product line, and the factories used to manufacture them, all of which were purchased by Basic. Subsequent to the purchase, Basic retained many of the workers formerly employed by Kelley Island. For all intents and purposes, then, Basic merged with Kelley Island's remaining operations, and thus Basic's purchase of Kelley Island, in distinction to Gibsonburg's purchase of Tiger from Basic, affords the necessary predicate for imposition of successor liability (*see, Schumacher v Richards Shear Co.*, 59 NY2d 239, 245). At a minimum, there was a cessation of Kelley Island's ordinary business coupled with a continuation by Basic of the purchased business at the same physical location, and with the same assets, general business operation, and many of the same personnel (*see, Sweatland v Park Corp.*, 181 AD2d 243, 245-246).

In view of our conclusion, we do not reach any of the other issues raised by the City, including whether successor liability also resulted from a continuation of the Kilnoise product line by Basic. Concur—Williams, J. P., Tom, Andrias and Saxe, JJ.