■ VEEYRIAH SUBRAMANI et al., Appellants, v BRUNO MACHINERY CORPORATION et al., Respondents. (And Other Actions.) [736 NYS2d 315] —Order and judgment (one paper), Supreme Court, New York County (Emily Goodman, J.), entered September 7, 2000, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment on the issue of successor tort liability, unanimously affirmed, without costs.

Plaintiff was injured while using a die cutting press that nonparty T.W. & C.B. Sheridan Company (Old Sheridan) manufactured in 1948 and sold to his employer. In 1964, Old Sheridan sold its manufacturing business, good will, trade name and most of its other assets to defendant Harris-Intertype Corporation, now Harris Corporation (Harris), which formed a new wholly owned subsidiary, T.W. and C.B. Sheridan Company (New Sheridan), to receive such assets. As required by the sales agreement, Old Sheridan changed its name to Nadiresh, Inc. but dissolved shortly after the closing, distributing the sales proceeds to its shareholders. In 1968, New Sheridan was merged into Harris, and, in 1972, Harris sold certain assets used in the manufacture of the press and related spare parts, including the good will associated therewith, to defendant Bruno Sherman Corp. (Bruno).

Plaintiff's claim that Harris and Bruno should be held liable in strict products liability as Old Sheridan's successors was

properly rejected for failure to raise an issue of fact as to the existence of any of the recognized exceptions to the general rule against successor liability (*see generally, Schumacher v Richards Shear Co.*, 59 NY2d 239). The assumption of liabilities agreement signed by New Sheridan unambiguously covered only those obligations reflected on the balance sheets, books of accounts or other records of Old Sheridan as of the date of closing, and Bruno's later acquisition of certain assets from Harris was subject to an express disclaimer of liability for products liability claims. There was no continuity of ownership in Harris's cash acquisition of Old Sheridan, whose dissolution (under its new name) shortly after closing was in contravention of the sales agreement. Under these circumstances, Harris's use of some of Old Sheridan's workers and its physical plant shows neither a de facto merger with nor a mere continuation of Old Sheridan (*see, Travis v Harris Corp.*, 565 F2d 443; *Cowan v Harris Corp.*, 1982 US Dist LEXIS 17668 [DC Kan, Dec. 7, 1982, Case No. 80-4134]; *see also, Diaz v South Bend Lathe*, 707 F Supp 97, 100). There was clearly no continuity of ownership or management in Bruno's asset purchase from Harris, which remained a viable corporation after the transfer. The product line rule was rejected by this Court in *City of New York v Pfizer & Co.* (260 AD2d 174). Plaintiff fails to show that defendants had a special relationship with him or his employer sufficient to impose a duty to warn, or that defendants otherwise assumed such a duty (*see, Sullivan v Joy Mfg. Co.*, 70 NY2d 806).

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.