■ Bridget Semenetz, Individually and as Parent and Guardian of Sean Semenetz, an Infant, Respondent, v Sherling & Walden, Inc., et al., Defendants, and Sawmills & Edgers, Inc., Appellant. [801 NYS2d 78]—

Crew III, J. Appeal from an order of the Supreme Court (Ledina, J.), entered July 9, 2004 in Sullivan County, which, inter alia, denied a motion by defendant Sawmills & Edgers, Inc. for summary judgment dismissing the complaint against it.

In 1998, defendant S&W Edger Works, Inc. (hereinafter Edger Works), an Alabama corporation, manufactured and sold a sawmill to Semenetz Lumber Mill, Inc., a New York corporation located in the Village of Jeffersonville, Sullivan County. On July 26, 1999, Sean Semenetz was using the sawmill when his right hand was drawn into the machine causing partial amputation of several of his fingers.

In October 2000, Edger Works sold all of its assets, including goodwill, trade names and inventory, to defendant Sawmills & Edgers, Inc. (hereinafter Sawmills), an Alabama corporation with its principal place of business in Alabama. Thereafter, Edger Works changed its name to defendant Sherling & Walden, Inc.

In April 2002, plaintiff commenced this products liability action seeking money damages individually and as parent and guardian of Semenetz. Sawmills answered, pleading lack of personal jurisdiction as an affirmative defense, and moved for dismissal of the complaint against it on that ground. Supreme Court denied the motion and this appeal by Sawmills ensued.

We begin with the observation that there can be no jurisdiction here based on the "corporate presence" doctrine (see Business Corporation Law §§ 1301, 1314; CPLR 301) or New York's long-arm statute (see CPLR 302 [a]). As to the former, it is clear that Sawmills is a nondomiciliary corporation that is not doing business in New York. As to the latter, Sawmills did not come into existence until after the accident giving rise to this litigation and could not, therefore, have engaged in tortious conduct that caused Semenetz's injuries. We likewise reject plaintiff's contention that jurisdiction may be predicated on Sawmills' failure to warn. Again, assuming Sawmills had a duty to warn, that duty did not arise until after Sawmills acquired the assets of Edger Works, a time well after the injury that forms the basis of this lawsuit. Finally, there is no quantifiable evidence that

Sawmills derived substantial revenue from interstate commerce. In short, plaintiff failed to prove that Sawmills was subject to in personam jurisdiction under any of the traditional notions provided for in our long-arm statute (*see* CPLR 302 [a] [3] [ii]).

Nevertheless, plaintiff contends, and Supreme Court found, that Sawmills is subject to New York jurisdiction based upon the "product line" exception to the traditional successor corporate liability rule. As a general rule, "a corporation which acquires the assets of another is not liable for the torts of its predecessor," with four exceptions not applicable here (*Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]). There are two additional exceptions, not yet embraced by the Court of Appeals, known as the "product line" exception and the "continuing enterprise" exception.[1] In order for a successor corporation to be liable for the torts of its predecessor under the "product line" exception, it must appear that the injured party's remedy against the original manufacturer was destroyed by the successor's acquisition of all the predecessor's assets, the successor continued to manufacture the same line of products as the predecessor, the successor had the ability to assume the predecessor's risk-spreading role and the successor benefitted from the predecessor's goodwill (*see Ray v Alad Corp.*, 19 Cal 3d 22, 560 P2d 3 [1977]). Having concluded that this exception was applicable to Sawmills, Supreme Court held that inasmuch as Edger Works was subject to long-arm jurisdiction pursuant to CPLR 302 (a) (1), Sawmills likewise was subject to such jurisdiction as the successor to Edger Works. We disagree.

The "product line" and "continuing enterprise" exceptions to the successor liability rule deal with the concept of tort liability, not jurisdiction. When and if either exception is found applicable, the corporate successor would be subject to liability for the torts of its predecessor in any forum having in personam jurisdiction over the successor, but the exceptions do not and cannot confer such jurisdiction over the successor in the first instance.[2] While we recognize that in certain circumstances a successor corporation "may inherit its predecessor's jurisdictional status"

---

**1.** This Department has embraced the "product line" exception (*see Hart v Bruno Mach. Corp.*, 250 AD2d 58 [1998]), while the First Department has expressly rejected it (*see City of New York v Pfizer & Co.*, 260 AD2d 174 [1999]).

**2.** It is to be noted that all of the New York cases discussing the "product line" and "continuing enterprise" exceptions dealt with the concept of corporate liability, where jurisdiction had been properly obtained, and not with the concept of jurisdiction (*see Schumacher v Richards Shear Co., supra; City of New York v Pfizer & Co., supra; Rothstein v Tennessee Gas Pipeline Co.*, 259 AD2d 54 [1999]; *Hart v Bruno Mach. Corp., supra*).

(*Societe Generale v Florida Health Sciences Ctr., Inc.*, 2003 WL 22852656, *4, 2003 US Dist LEXIS 21502, *13 [SD NY, Dec. 1, 2003]; *see e.g. Abbacor, Inc. v Miller*, 2001 WL 1006051, *3, 2001 US Dist LEXIS 13385, *7 [SD NY, Aug. 31, 2001]; *Applied Hydro-Pneumatics v Bauer Mfg.*, 68 AD2d 42 [1979]; *see generally Schenin v Micro Copper Corp.*, 272 F Supp 523, 526 [SD NY 1967]), the facts of the subject case do not fit within such a scenario. Accordingly, Sawmills' motion for summary judgment dismissing the complaint against it for lack of jurisdiction must be granted.

Cardona, P.J., Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Sawmills & Edgers, Inc. for summary judgment; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.