■ David Kretzmer, Appellant, v Firesafe Products Corporation et al., Defendants, and GEM Urethane Corporation et al., Respondents. [805 NYS2d 340]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered June 17, 2004, which, upon the prior grant of the motion of defendants GEM Urethane Corporation (GEM) and Sandel International, Inc. (Sandel) for summary judgment, dismissed the complaint as against those defendants, unanimously affirmed, without costs.

Defendant Sandel purchased the assets of defendant Firesafe Products Corporation (Firesafe). Plaintiff seeks to hold Sandel and GEM, as the alter ego of Sandel, liable for certain loans allegedly made by plaintiff to defendants Firesafe and HTT International, Inc. (HTT).

As a general rule, a corporation that purchases the assets of another corporation is not responsible for the torts of the seller corporation. However, "[a] corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" (*Schumacher v Richards Shear Co.*, 59 NY2d 239, 245 [1983]). This doctrine is also applicable in breach of contract actions (*see Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 575 [2001]). Here, plaintiff has failed to raise a triable issue as to the applicability of the above-enumerated exceptions. Defendant Sandel expressly disclaimed the assumption of any liability; there is no basis to infer a de facto merger, especially since plaintiff offered *no facts* to raise a triable issue *regarding*

any continuity of ownership (*see Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [2005]; *Cargo Partner AG v Albatrans, Inc.*, 352 F3d 41, 46-47 [2d Cir 2003]); and there is insufficient evidence of any continuity of management, personnel, physical location, assets and general business operation (*see Matter of New York City Asbestos Litig., supra*). The mere hiring of some of the predecessor's employees is insufficient to raise a triable issue as to continuity of management (*see Subramani v Bruno Mach. Corp.*, 289 AD2d 167, 168 [2001]; *Worldcom Network Servs. v Polar Communications Corp.*, 278 AD2d 182 [2000]). Moreover, Sandel is not a mere continuation of the predecessor, and plaintiff has offered no evidence raising a triable issue with respect to fraud. The alleged promise by an employee of the alleged predecessor HTT, that plaintiff would be paid out of proceeds of the asset sale, is merely a restatement of plaintiff's contract claim and, as such, states no cognizable claim for fraud (*see Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]). Nor is there evidence that defendant Sandel purchased HTT's alleged intangible assets without fair consideration, since no evidence is offered that HTT had intangible assets or goodwill separate from the assets of Firesafe, for which, it is uncontested, Sandel paid fair value. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Catterson, JJ.