OPINION OF THE COURT
Thomas A. Stander, J.
The defendant Konecranes, Inc. submits a motion seeking an order for summary judgment dismissing the complaint of the plaintiff Kevin Buja.
By stipulation of discontinuance filed in the Monroe County Clerk’s office on November 8, 2004 the parties discontinued the action as against KCI Konecranes International pic.
I. Facts
Plaintiff Kevin Buja was injured at work on June 27, 2001 as a result of an alleged defect in a crane causing its block and lifting chains to fall and strike Mr. Buja. The crane was manufactured by Shepard Niles, Inc., a company who operated a manufacturing facility in Montour Falls, New York.
On January 11, 2002 Shepard Niles filed for chapter 11 bankruptcy. The assets of Shepard Niles, Inc. consisted of the hoist business, Cleveland Tramrail Monorail System, personal property and real property. By order of March 8, 2002, the United States Bankruptcy Court for the Western District of New York approved the sale of all of Shepard Niles, Inc.’s assets to Konecranes for the sum of $5,900,000. Under this bankruptcy order Konecranes retained the assets as to the hoist business and assigned its interest in all other assets of Shepard Niles to other companies.
Under the asset purchase agreement for the purchase of assets by Konecranes from Shepard Niles, Konecranes did not assume or become responsible for any debts, liabilities or obligations of Shepard Niles. Konecranes did retain 15 of 150 employees employed by Shepard Niles when it filed bankruptcy. Konecranes also leased approximately 15% of the space previously occupied by Shepard Niles in Montour Falls, New York. Cranes were no longer manufactured in Montour Falls and the facility was used for the sale of after-market parts.
After the sale of assets through Bankruptcy Court, Shepard Niles, Inc. changed its name to SN Dissolution Corp. The records presented to the court show that as of May 2005 the entity SN Dissolution Corp. was still an existing, active corporation. *861 By stipulation and order of the Bankruptcy Court, dated March 14, 2003, Kevin Buja was permitted “to commence and prosecute an action against Shepard Niles, Inc. to recover for injuries sustained in the [accident] on June 27, 2001.” This bankruptcy order restricts recovery by Mr. Buja to the $5,000,000 policy limits of Shepard Niles, Inc.’s liability insurance policy. In an action before this court entitled Kevin Buja v Shepard Niles, Inc. and KCI Koneeranes Intl., plc (Index No. 2003/6672), plaintiff filed an order for default judgment against Shepard Niles, Inc. Default judgment was granted by order of June 7, 2005, which was filed in the Monroe County Clerk’s office on July 5, 2005.
II. Summary Judgment Motion
The defendant Koneeranes submits this motion for summary judgment to dismiss the complaint against Koneeranes upon the grounds that, as a matter of law, there is no successor liability from the purchase of assets of Shepard Niles. Plaintiff Buja asserts that the defendant has failed to present evidence sufficient to determine the issue of successor liability as a matter of law. Plaintiff argues that discovery has barely begun and that the affidavit of Ric Solis does not sufficiently explain the relationship between Crane Pro Services and Shepard Niles. Further plaintiff believes that the documentation submitted on this motion is incomplete regarding the sale of assets in bankruptcy.
In order for lack of disclosure to be a basis to deny or postpone a summary judgment motion, the plaintiff must submit affidavits “that facts essential to justify opposition may exist but cannot then be stated” (CPLR 3212 [f]). The plaintiff Buja has not presented sufficient affidavits to demonstrate that disclosure might lead to facts essential to justify opposition. Further, plaintiffs argument regarding the affidavit of Ric Solis misses the point. This affidavit is submitted on behalf of Koneeranes and shows Mr. Solis’ relationship to Koneeranes. Mr. Solis does not need to show a relationship with Shepard Niles on this motion by Koneeranes.
Defendant Koneeranes is required, on this motion for summary judgment, to submit evidence sufficient to set forth its position as a matter of law. The affidavit of Ric Solis, employed by Crane Pro Services, Central Region U.S.A., of Koneeranes, Inc., and the other evidence presented sufficiently demonstrates the circumstances regarding Koneeranes’ purchase of Shepard Niles assets. The evidence shows that Shepard Niles filed bankruptcy but that the entity continued to be in existence after the sale of *862 its assets to Konecranes. The defendant has presented evidence addressing all the potential grounds for imposition of liability (cf. Meadows v Amsted Indus., 305 AD2d 1053 [4th Dept 2003]). The defendant Konecranes submits evidence establishing that it is entitled to summary judgment as a matter of law.
However, summary judgment shall be denied where a question of fact exists requiring a trial (CPLR 3212). Responding to its burden, the plaintiff asserts that there are issues of fact sufficient to require a trial as to whether the purchase of assets by Konecranes from Shepard Niles amounts to a “de facto merger” and whether the “product line exception” theory for successor liability applies in this case.
A. Liability Upon Acquiring Assets
The courts have defined the rule for establishing liability upon acquiring assets.
“Generally, a corporation which acquires the assets of another is not liable for the torts of its predecessor unless: (1) it expressly or impliedly assumed the predecessor’s tort liability; (2) there was a consolidation or merger of seller and purchaser; (3) the purchasing corporation was a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently to escape such obligations (Schumacher v Richards Shear Co., 59 NY2d 239, 245).” (Sweatland v Park Corp., 181 AD2d 243, 245 [4th Dept 1992]; Schumacher v Richards Shear Co., 59 NY2d 239, 244-245 [1983]; Kretzmer v Firesafe Prods. Corp., 24 AD3d 158 [1st Dept 2005]; Meadows v Amsted Indus., 305 AD2d 1053, 1054 [4th Dept 2003].)
Here, the plaintiff concedes that under this accepted legal principle on liability for torts of predecessors there is no express or implied assumption of liability, no mere continuation of the selling corporation, and no allegation of fraud.
However, plaintiff asserts its claim against Konecranes is viable under the concept of the consolidation or merger of seller and purchaser and based on continuation of the product line. Plaintiff argues there is a question of fact as to a “de facto merger” of Shepard Niles and Konecranes, and a question under a newly adopted exception to predecessor liability referred to as the “product line exception.”
B. De Facto Merger of Seller and Purchaser
The plaintiff claims there is a question of fact as to whether Konecranes’ purchase of Shepard Niles’ hoist and crane busi *863 ness amounted to a “de facto merger.” Even if there is not a formal merger, a transaction may be deemed to be a “de facto merger” (Matter of New York City Asbestos Litig., 15 AD3d 254, 256 [1st Dept 2005]). The doctrine of de facto merger in tort liability is to provide “tort claimants [with] protection^] against attempts by ongoing businesses to avoid liability through transfer of their operations to another legal entity” (Sweatland v Park Corp., 181 AD2d 243, 246 [4th Dept 1992]; City of New York v Pfizer & Co., 260 AD2d 174, 176 [1st Dept 1999]). Plaintiff has the burden of showing a question of fact sufficient to require a trial as to whether there was a “de facto merger” of Konecranes and Shepard Niles.
To determine whether a “de facto merger” occurred courts consider a number of factors:
“(1) continuity of ownership; (2) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (3) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (4) a continuity of management, personnel, physical location, assets, and general business operation” (Sweatland at 245-246 [citations omitted]; Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750 [2d Dept 2005]; Matter of New York City Asbestos Litig. at 258-259).
“Public policy considerations dictate that . . . courts have flexibility in determining whether a transaction constitutes a de facto merger” (Sweatland at 246). All of these factors are not necessarily required to be present for a finding of a “de facto merger” (Matter of New York City Asbestos Litig. at 256). The court reviews these factors in the present case to determine whether there is a question of fact sufficient to require a trial.
(1) Continuity of Ownership
Courts have determined that continuity of ownership “is a necessary element of any de facto merger finding” (id.). This element “exists where the shareholders of the predecessor corporation become direct or indirect shareholders of the successor corporation as the result of the successor’s purchase of the predecessor’s assets” (id.). Where a company survives the asset transfer as a distinct corporation, even if such corporation is in bankruptcy, the purchaser “cannot be cast as its mere continuation” (Wensing v Paris Indus.-N.Y., 158 AD2d 164, 167 [3d Dept 1990]).
*864 There is no evidence that any shareholders of Shepard Niles became direct or indirect shareholders of Konecranes as a result of the purchase of assets by Konecranes. There is no continuity of ownership between Konecranes and Shepard Niles. Continuity of ownership has been held to be an essential element for a finding of a de facto merger (Matter of New York City Asbestos Litig. at 258, citing Cargo Partner AG v Albatrans, Inc., 352 F3d 41, 46-47 [2d Cir 2003]). The plaintiff Buja fails to raise an issue of fact on the element of continuity of ownership (see Kretzmer v Firesafe Prods. Corp., 24 AD3d 158 [1st Dept 2005]).
(2) A Cessation of Ordinary Business and Dissolution of the Predecessor
There was no cessation and dissolution of Shepard Niles as soon as practically and legally possible after the sale of assets to Konecranes. The sale of assets to Konecranes was approved by Bankruptcy Court on March 8, 2002. The bankruptcy case of Shepard Niles was closed on January 23, 2004. As of May 2005, Shepard Niles, Inc. was listed in the New York State Division of Corporations as in active status under the current name of SN Dissolution Corp. Shepard Niles was not dissolved as soon as practically possible after the sale of assets.
This element for a de facto merger “may be satisfied, notwithstanding the selling corporation’s continued formal existence, if that entity ‘is shorn of its assets and has become, in essence, a shell’ ” (Matter of New York City Asbestos Litig. at 257 [citation omitted]; Matter of AT&S Transp., LLC at 753; Fitzgerald v Fahnestock & Co., 286 AD2d 573, 575 [1st Dept 2001]). Shepard Niles, now known as SN Dissolution Corp., had ceased ordinary business when it filed for bankruptcy and has continued its existence past the close of the bankruptcy. After the purchase of assets by Konecranes, Shepard Niles has been involved in litigation, has a default judgment filed against it by plaintiff Buja, and is represented in ongoing litigation. Shepard Niles has “remained in existence in a meaningful way since the subject transaction closed” (Matter of New York City Asbestos Litig. at 257). The evidence does not show that Shepard Niles is a mere shell.
There was not a cessation of business and dissolution of Shepard Niles. The plaintiff Buja has not raised a question of fact on whether there has been a cessation of ordinary business and dissolution of Shepard Niles as soon as practically and legally possible after Konecranes purchased the assets.
*865 (3) Assumption by the Successor of the Liabilities
There was no assumption by the successor, Konecranes, of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor, Shepard Niles. Konecranes did not assume the liabilities of Shepard Niles at the time of purchase of the assets. The contract between the parties, “Acquisition of Assets of Shepard Niles, Inc. by Konecranes, Inc.,” at paragraph 6, specifically addresses assumption of debts and liabilities: “Buyer [Konecranes] shall not, as a result of the transactions contemplated by this Agreement, acquire, assume or in any manner become responsible for any debt, obligation, liability, responsibility or duty of Seller, of any type nature or description whatsoever except notwithstanding anything to the contrary contained herein.”
The plaintiff fails to point out any terms of the agreement between Shepard Niles and Konecranes that indicates that Konecranes assumed or acquired the liabilities of Shepard Niles.
There are no issues of fact presented by the plaintiff as to the assumption of liabilities of Shepard Niles by Konecranes. There is no evidence presented that Konecranes assumed the liabilities of Shepard Niles which would ordinarily be necessary for the uninterrupted continuation of the hoist business of Shepard Niles.
(4) Continuity of Business
Other factors in determining whether a de facto merger occurred are continuity of management, personnel, physical location, assets, and general business operation (Sweatland, at 246). Plaintiff argues that there is a question of fact whether there was an uninterrupted continuation of Shepard Niles by Konecranes based on: the purchase of equipment, inventories, accounts receivable; the right to use the Shepard Niles name and customer lists; purchase of engineering drawings, documents and computer records; purchase of trademarks, patents and applications related to the hoist business; and the purchase of the phone number of Shepard Niles’ hoist business. Plaintiff also asserts that Konecranes obtained the goodwill of Shepard Niles and relied on Shepard Niles’ 100-year history and reputation in its advertising.
The evidence presented shows that there was no continuation of management, other than one Shepard Niles officer being retained for a few months, and only 15 of 150 personnel previously employed by Shepard Niles were kept on by Konecranes *866 at the Montour Falls facility. “The mere hiring of some of the predecessor’s employees is insufficient to raise a triable issue as to continuity of management” (Kretzmer at 159). All of the real property of Shepard Niles was sold and Konecranes leased less than 15% of the space previously occupied by Shepard Niles at Montour Falls. Konecranes did not continue to manufacture cranes at the Montour Falls facility and the space leased was used for the sale of after-market parts. Also, other businesses operated by Shepard Niles were sold to other companies at the time of the asset purchase transaction, and in accordance with the bankruptcy order.
However, the evidence does show that Konecranes did use the goodwill and reputation of the hoist business of Shepard Niles in its marketing and advertising, and continued to use the Shepard Niles name, customer lists and other intangibles such as trademarks and patents. The plaintiff asserts that the evidence as to the purchase and use by Konecranes of Shepard Niles’ assets, location, personnel and general business operation demonstrates a question of fact sufficient to require a trial as to whether there was a “de facto merger.” This court disagrees.
Even looking at all the issues raised in this “continuity of business” factor in a light most favorable to plaintiff, the evidence presented does not show a significant continuity of operation of Shepard Niles by Konecranes such as to raise a question of fact as to a “de factor merger.” Where the record shows that in a corporate transaction there is no continuity of ownership and no cessation of ordinary business and dissolution of the predecessor as soon as practicable, “possible satisfaction of only the third and fourth criteria does not suffice to create a triable de facto merger issue” (Matter of New York City Asbestos Litig. at 256). Thus, the only possible criterion that might be shown by plaintiff Buja to raise a question of fact is the fourth element. Within this fourth element of continuity of business, the possible factual issues raised by plaintiff of a lease of 15% of the facility, hiring of 15 out of 150 employees, and use of assets, goodwill, reputation and name, are insufficient to create a triable “de facto merger” issue (see Matter of New York City Asbestos Litig. at 259).
(5) Conclusion on “De Facto Merger”
To determine whether there is a de facto merger of Konecranes and Shepard Niles, the court must make “an analysis of the weight and impact of a multitude of factors that relate to the corporate creation, succession, dissolution, and successor- *867 ship” (Sweatland at 246). It is not necessary for all of these elements to exist for a finding of a de facto merger (Fitzgerald at 575; Matter of New York City Asbestos Litig. at 256). “These factors are analyzed in a flexible manner that disregards mere questions of form and asks whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor” (Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d at 752). Upon analysis of all the factors relevant to a showing of a “de facto merger,” the facts presented in this case are not sufficient to warrant application of the de facto merger exception.
Further, the rationale for the merger exception is “the concept that a successor that effectively takes over a company in its entirety should carry the predecessor’s liabilities in order to ensure that a source remains to pay for the victim’s injuries” (City of New York v Pfizer & Co., 260 AD2d 174, 176 [1st Dept 1999] [internal quotation marks omitted]). The reason for the merger exception is not applicable in this case because, as noted in the bankruptcy order, the plaintiff was authorized to commence a lawsuit to obtain payment through Shepard Niles’ liability coverage.
The plaintiff has failed to establish an issue of fact on a “de facto merger” of Konecranes and Shepard Niles sufficient to require a trial. The motion of the defendant Konecranes for summary judgment dismissing the complaint of Kevin Buja on the grounds that there was not a de facto merger is granted.
C. Product Line Exception
The plaintiff asserts that summary judgment should be denied as there is a question of fact under the theory of a product line exception to the general rule of successor nonliability for a predecessor’s torts. This product line exception has been endorsed in other jurisdictions and adopted in New York by the Appellate Division, Third Department, but has been rejected by the Appellate Division, First Department.
The Court of Appeals addresses the product line exception in Schumacher v Richards Shear Co. (59 NY2d 239 [1983]) and concludes that “there are no facts alleged which warrant our consideration or application of the ‘product line’ . . . [theory] extending liability to a successor corporation” (Schumacher at 243). The Court delineates the product line exception based upon the California Supreme Court case of Ray v Alad Corp. (19 Cal 3d 22, 560 P2d 3 [1977]). The policies underlying the product line exception include:
*868 “[T]he availability of remedies for the injured plaintiff as well as the fairness of requiring the successor to assume a responsibility for defective products. [The relevant circumstances existing in Ray were] the dissolution of the prior corporation shortly after the purchase of its equipment and the use by the successor corporation of essentially the same factory, name and office personnel after the transactions to produce the same product.” (Schumacher at 246.)
Although discussed, the Court of Appeals does not adopt the product line exception.
The Appellate Division, First Department, interpreted this Court of Appeals decision as rejecting the theory of a product line exception (City of New York v Pfizer & Co., 260 AD2d 174, 176 [1st Dept 1999]; Matter of New York City Asbestos Litig. at 259). However, the Third Department of the Appellate Division has applied the product line exception in summary judgment motions to determine whether the record presents a material issue of fact under this line of reasoning (Hart v Bruno Mach. Corp., 250 AD2d 58 [3d Dept 1998]). In the instant case, this court concludes, based upon the Court of Appeals decision in Schumacher, that the product line exception does not apply.
However, even if this product line exception were considered, the facts in this case would not fall under the product line exception (see Schumacher at 246; City of New York at 176). For the product line exception to be applicable,
“it must be shown that (1) the injured party’s remedy against the original manufacturer was virtually destroyed by the successor’s acquisition of substantially all the predecessor’s assets, (2) the successor continued to manufacture essentially the same line of products as its predecessor, (3) the successor had the ability to assume the original manufacturer’s risk-spreading role, and (4) the successor benefited [szc] from the original manufacturer’s good will” (Hart at 60 [citations omitted]; Semenetz v Sherling & Walden, Inc., 21 AD3d 1138 [3d Dept 2005], lv granted 6 NY3d 702).
Here, the plaintiffs remedy against Shepard Niles was not destroyed by the acquisition of Shepard Niles’ assets by Konecranes.
The evidence shows that plaintiff took a default judgment dated June 7, 2005 against Shepard Niles, a corporation that *869 still exists under the name of SN Dissolution Corp. Shepard Niles is represented by counsel. Plaintiff entered into a stipulation and order dated April 21, 2003 in Bankruptcy Court where Mr. Buja was permitted to prosecute an action against Shepard Niles, Inc. to recover for the same injuries raised in this proceeding, with any recovery restricted to the $5 million policy limits of Shepard Niles, Inc.’s liability insurance policy. The plaintiff has a remedy against Shepard Niles.
Although there may be issues of fact as to the applicability of the other three criteria for the product line exception, since the plaintiffs remedy was not destroyed by the purchase of assets by Konecranes, the product line exception cannot apply in this case.
The plaintiff has failed to establish an issue of fact on the product line exception sufficient to require a trial. The motion of the defendant Konecranes for summary judgment dismissing the complaint of Kevin Buja on the grounds that there are no questions of fact as to the product line exception is granted.
Conclusion
The motion of the defendant Konecranes for summary judgment to dismiss the complaint of the plaintiff Kevin Buja upon the grounds that, as a matter of law, there is no successor liability is granted.
Order
Based upon all the papers submitted in support and in opposition to this motion, upon the above decision, and after due deliberation, it is hereby ordered that the motion of the defendant Konecranes, Inc. for summary judgment to dismiss the complaint of Kevin Buja is granted; and it is further ordered that the complaint of Kevin Buja is dismissed.