BRG Corp. v Chevron U.S.A., Inc. (2018 NY Slip Op 05425)





BRG Corp. v Chevron U.S.A., Inc.


2018 NY Slip Op 05425


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


803 CA 17-02205

[*1]BRG CORPORATION AND DEMETRIOS TAMOUTSELIS, PLAINTIFFS-RESPONDENTS,
v
CHEVRON U.S.A., INC., TEXACO, INC., DEFENDANTS-RESPONDENTS, VALERO ENERGY CORPORATION, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






HODGSON RUSS LLP, BUFFALO (JEFFREY C. STRAVINO OF COUNSEL), FOR DEFENDANT-APPELLANT.
KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA K. KOLCON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (William K. Taylor, J.), entered September 22, 2017. The order denied the motion of defendant Valero Energy Corporation to dismiss the second amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the second amended complaint is dismissed against defendant Valero Energy Corporation.
Memorandum: Plaintiffs commenced this action to recover the costs of remediating environmental contamination to their property in the City of Rochester. Plaintiffs allege that defendants, or their respective predecessors in interest, caused the contamination in the 1960s and 1970s. Valero Energy Corporation (defendant) moved to dismiss the second amended complaint against it for lack of personal jurisdiction (see CPLR 3211 [a] [8]). Supreme Court denied the motion, holding that plaintiffs had "provided ample evidence demonstrating the existence of facts sufficient to justify the exercise of personal jurisdiction over [defendant]," specifically that defendant was the successor in interest to a company that was itself subject to personal jurisdiction in New York. "[A]s such," the court continued, it "has personal jurisdiction over [defendant]" for the alleged torts of its purported predecessor (emphasis added). We now reverse.
It is undisputed that defendant, a foreign corporation with no present contacts in this State, is not subject to personal jurisdiction in New York under either CPLR 301 or 302 (a) (see Semenetz v Sherling & Walden, Inc., 21 AD3d 1138, 1139-1140 [3d Dept 2005], affd on other grounds 7 NY3d 194 [2006]). Nevertheless, plaintiffs contend that personal jurisdiction exists over defendant because it ostensibly bears successor liability for a predecessor corporation that was itself subject to personal jurisdiction in New York. The Third Department, however, expressly rejected that jurisdictional theory in Semenetz (see id. at 1140). The "successor liability rule[s]," wrote the Semenetz court, "deal with the concept of tort liability, not jurisdiction. When and if [successor liability] is found applicable, the corporate successor would be subject to liability for the torts of its predecessor in any forum having in personam jurisdiction over the successor, but the [successor liability rules] do not and cannot confer such jurisdiction over the successor in the first instance" (id.).
Plaintiffs do not challenge Semenetz's holding or its rationale, nor do they ask us to chart our own course on this novel and unsettled jurisdictional issue (see generally Semenetz, 7 NY3d at 199 n 2; Edie v Portland Orthopaedics Ltd., 2017 WL 945936, *2 [SD NY, Feb. 16, 2017, No. 14-Civ-7350 (NRB)]; cf. Patin v Thoroughbred Power Boats Inc., 294 F3d 640, 653 [5th Cir 2002]; Williams v Bowman Livestock Equip. Co., 927 F2d 1128, 1132 [10th Cir 1991]; City of Richmond v Madison Mgt. Group, Inc., 918 F2d 438, 454 [4th Cir 1990]; Bridges v Mosaic Global Holdings, Inc., 23 So 3d 305, 315-317 [La Ct App 2008], cert denied 1 So 3d 496 [La Sup Ct 2009]; Jeffrey v Rapid Am. Corp., 448 Mich 178, 189-194, 529 NW2d 644, 650-653 [1995]; Hagan v Val-Hi, Inc., 484 NW2d 173, 174-178 [Iowa Sup Ct 1992]). Moreover, plaintiffs do not claim that defendant qualifies for personal jurisdiction under the narrow " inherit[ed] jurisdictional status' " exception recognized in Semenetz (21 AD3d at 1140-1141; see Societe Generale v Florida Health Sciences Ctr., Inc., 2003 WL 22852656, *4 [SD NY, Dec. 1, 2003, No. 03-Civ-5615 (MGC)]). We therefore conclude that the court erred in denying defendant's motion to dismiss the second amended complaint against it for lack of personal jurisdiction.
The parties' remaining contentions are academic in light of our determination.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court