Zinbarg v Professional Bus. Coll., Inc. (2020 NY Slip Op 00553)





Zinbarg v Professional Bus. Coll., Inc.


2020 NY Slip Op 00553


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10908 653265/16

[*1] Elayne Zinbarg, Plaintiff-Respondent,
v
Professional Business College, Inc. doing business as Professional Business College Corporation, et al., Defendants-Appellants.


Law Office of Z. Tan PLLC, New York (Bingchen Li of counsel), for appellants.
Kousoulas & Associates P.C., New York (Antonia Kousoulas of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about May 10, 2018, which, to the extent appealed from, denied defendants' motion to dismiss the complaint as against defendant Long Island Business Institute, unanimously reversed, on the law, without costs, and the motion granted.
The complaint fails to state a cause of action against defendant Long Island Business Institute (LIBI) for breach of a severance agreement between plaintiff and defendant Professional Business College (PBC), because it does not allege any of the exceptions to the general rule that a corporation that acquires the assets of another corporation is not liable for its
predecessor's breaches of contract (see Kretzmer v Firesafe Prods. Corp., 24 AD3d 158 [1st Dept 2005]). The complaint does not allege that LIBI expressly or impliedly assumed PBC's contractual liability under the severance agreement or that LIBI and PBC entered into a merger transaction to fraudulently escape the liability under the severance agreement. It does not expressly allege that LIBI and PBC merged or were consolidated. While it contains some allegations, upon information and belief, about shared location and personnel and PBC's president's potential ownership interest in LIBI, the complaint fails to allege a majority of the "hallmarks" of a de facto merger (see Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574-575 [1st Dept 2001]). It does not allege when and how any purported acquisition by LIBI of PBC or its assets occurred. It does not allege that PBC ceased or planned to cease operations, that LIBI assumed any of PBC's liabilities, or that LIBI and PBC combined most of their assets. Nor does the complaint allege that LIBI is a mere continuation of PBC (see Kretzmer, 24 AD3d at 158), and indeed the documentary evidence shows that LIBI was established decades before any purported merger.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK