■ MARIA SEPULVEDA, an Infant, by Her Parents, NICOLE SEPULVEDA and Another, et al., Respondents, v ASHLESHA DAYAL, M.D., et al., Appellants. [893 NYS2d 549]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered November 14, 2008, which, in an action for medical malpractice allegedly arising from defendants' failure to diagnose a neuroblastoma in ultrasounds taken of infant

plaintiff, denied defendants' motion to amend their answer to include the affirmative defense of collateral estoppel and to dismiss the action on that ground, unanimously affirmed, with costs.

The record shows that prior to obtaining the medical records indicating which physicians had reviewed the sonograms taken during the pregnancy of plaintiff mother, plaintiffs commenced an action naming Montefiore Medical Center and the 43 radiologists employed at the time of the alleged malpractice. After ascertaining the identity of the four physicians who had interpreted the sonograms, none of whom had been named in the first action, plaintiffs commenced a second action against those four physicians and Montefiore. The defendants in the first action subsequently moved for summary judgment and with plaintiffs failing to oppose, the motion was granted on default and judgment was entered in favor of those defendants. After the defendants moved to dismiss the second action, which was resolved by a stipulation discontinuing it "without prejudice to bringing a new action on behalf of the infant plaintiff," plaintiffs commenced this action naming the same four physicians, but not Montefiore.

Although leave to amend pleadings should be freely granted in the absence of prejudice or surprise (*see generally Fahey v County of Ontario*, 44 NY2d 934 [1978]), as the motion court found, the proposed amendment is lacking in merit (*see Board of Mgrs. of Gramercy Park Habitat Condominium v Zucker*, 190 AD2d 636 [1993]). To determine whether collateral estoppel applies, a two-part test must be satisfied. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]).

Defendants have failed to satisfy either prong, since the court in the first action did not decide the ultimate issue of whether the instant defendants were negligent. Furthermore, plaintiffs did not have a full and fair opportunity to litigate their claims. By the time the defendants in the first action moved for summary judgment, plaintiffs were aware that those defendants had not been involved in their medical treatment and there was no reason to raise the merits of their claims (*see e.g. Baxter v Fulton Ice & Cube Co.*, 106 AD2d 82, 85-86 [1985]; *compare Kret v Brookdale Hosp. Med. Ctr.*, 61 NY2d 861 [1984], *affg* 93 AD2d 449 [1983]). Concur—Gonzalez, P.J., Saxe, McGuire and Román, JJ.