■ Broadway 26 Waterview, LLC, Appellant, v Bainton, McCarthy & Siegel, LLC, Respondent. [941 NYS2d 620]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 16, 2011, which, to the extent appealed from

as limited by the briefs, denied plaintiff landlord's motion for leave to amend the complaint to add additional defendants and new causes of action sounding in alter ego and successor liability, and under the Debtor and Creditor Law, unanimously affirmed, with costs.

In this action to recover rent arrears allegedly owed by defendant limited liability company, the motion court properly exercised its discretion in denying the motion, as the proposed amended pleadings lack merit (*see 360 W. 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552, 553 [2011]; *see also Sepulveda v Dayal*, 70 AD3d 420, 421 [2010]). None of the proposed individual defendants, former partners of defendant, were signatories to the original lease, and thus they cannot be held liable for the rent arrears (*see Matias v Mondo Props. LLC*, 43 AD3d 367, 367-368 [2007]; *American Theatre for the Performing Arts, Inc. v Consolidated Credit Corp.*, 45 AD3d 506 [2007]; Limited Liability Company Law § 609 [a]). In addition, the proposed amendments asserting that, after hiring defendant's partners, the proposed defendant law firm became responsible for the rent arrears under the theory of successor liability fail as a matter of law, as there was no showing that the firm expressly or impliedly assumed defendant's contractual liability, that there was a consolidation or merger of defendant and the firm, that the firm was a mere continuation of defendant, or that a transaction was entered in order to fraudulently escape rent obligations (*see Schumacher v Richards Shear Co.*, 59 NY2d 239 [1983]; *Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc.*, 78 AD3d 801, 801-802 [2010]). Plaintiff failed to raise a triable issue as to continuity of management merely by alleging that the firm hired defendant's former partners (*see Kretzmer v Firesafe Prods. Corp.*, 24 AD3d 158, 159 [2005]).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ. **[Prior Case History: 2011 NY Slip Op 31659(U).]**