■ FIVE STAR ELECTRIC CORP., Appellant-Respondent, v FEDERAL INSURANCE COMPANY et al., Respondents-Appellants. (And a Third-Party Action.) ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Third-Party Plaintiff-Respondent, v E.A. TECHNOLOGIES, INC., et al., Third-Party Defendants, and SIEMENS INDUSTRY, INC., Successor by Merger to SIEMENS TRANSPORTATION SYSTEMS, INC., Third-Party Defendant-Appellant. [8 NYS3d 98]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered May 8, 2014, which, inter alia, granted plaintiff Five Star Electric Corporation partial summary judgment against defendants/third-party plaintiffs-cosureties Federal Insurance Company and St. Paul Fire and Marine Insurance Company on the payment bond, and denied third-party defendant Siemens Industry, Inc.'s motion to dismiss St. Paul's third-party causes of action for implied indemnity, exoneration and *quia timet*, unanimously modified, on the law, to deny Five Star partial summary judgment on the payment bond, and otherwise affirmed, without costs.

The motion court erred in concluding that Federal Insurance Company and St. Paul Fire and Marine Insurance, the sureties on the payment bond at issue in this action, were collaterally estopped from challenging the arbitration award rendered between plaintiff Five Star and third-party defendant Transit Technologies LLC. Based on the record before this Court, the sureties did not have the full opportunity to contest the prior determination (*see Sepulveda v Dayal*, 70 AD3d 420, 421 [1st Dept 2010]).

The surety bond's principal is the two-company consortium formed by third-party defendants Siemens Industry Inc. and Transit Tech. Siemens, although not a party to the subcontract between plaintiff Five Star and Transit Tech, voluntarily agreed to participate in the arbitration and be bound by its result. However, Five Star would only permit Siemens' participation on what could only be described as extortionate terms which Siemens could not rationally accept. Under these circumstances, with one of the surety bond's principals unable to participate in the underlying arbitration, the sureties cannot be collaterally estopped from contesting the result.

Moreover, given the fact that Five Star was a subcontractor to Transit Tech only, there is, at best, questionable privity between Five Star and the sureties, creating a question of fact concerning whether the sureties could reasonably be found to have consented to arbitration with Five Star (*see e.g. Matter of Fidelity & Deposit Co. of Md. v Parsons & Whittemore Contrs. Corp.*, 48 NY2d 127 [1979]).

The motion court correctly denied Siemens' motion to dismiss St. Paul's third-party causes of action. Each of the claims at issue is sufficiently stated, Siemens' arguments on appeal provide no basis for dismissal, and dismissal of these claims would have added to the confused state of this litigation.

In light of the foregoing, we need not reach the remaining arguments. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ. 