■ COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., Appellant, v STANTON CRENSHAW COMMUNICATIONS, LLC, et al., Respondents. [10 NYS3d 75]—

Order, Supreme Court, New York County (Debra A. James, J.), entered September 5, 2014, which, to the extent appealed from as limited by the briefs and stipulation, denied plaintiff's motion for summary judgment on its claims against defendant Crenshaw Communications (CC), and granted CC's cross motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs. Appeal from the foregoing order as to defendants Stanton Crenshaw Communications, LLC, Stanton Public Relations & Marketing and Alexander Stanton, unanimously withdrawn before argument, without costs, pursuant to the parties' stipulation dated March 24, 2015.

Plaintiff seeks to recover rent due on the remainder of a commercial sublease entered into by defendant Stanton Crenshaw Communications, LLC (SCC) in 2006. Defendant CC was created in 2009, after the two principals of SCC, defendants Stanton and Crenshaw, decided to stop working together due to disagreements over the future of the firm, and entered into a buyout agreement. Plaintiff's claim to recover from CC on a theory of successor liability was properly dismissed, since the record establishes that it did not expressly or impliedly assume SCC's contractual liability, there was no consolidation or merger, and it was not a mere continuation of SCC (*Broadway 26 Waterview, LLC v Bainton, McCarthy & Siegel, LLC*, 94 AD3d 506, 507 [1st Dept 2012]; *see Schumacher v Richards Shear Co.*, 59 NY2d 239 [1983]). Nor is there any showing that the buyout transaction between Stanton and Crenshaw was entered into in order to fraudulently escape rent obligations to plaintiff. The mere fact that some clients and a few employees joined Crenshaw's new firm is insufficient to impose successor liability upon CC (*see Broadway 26*, 94 AD3d at 507; *In re Thelen LLP*, 24 NY3d 16, 28 [2014]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.