■ RICHARD MITCHELL et al., Respondents-Appellants, v SUBURBAN PROPANE GAS CORPORATION, Appellant-Respondent. —Casey, J. Cross appeals from an order of the Supreme Court (Ingraham, J.), entered January 4, 1991 in Cortland County, which, *inter alia,* partially granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs seek to recover damages from defendant for the damage sustained by their home in a July 1985 explosion and fire which was apparently caused by gas leaking out of an underground tank located on plaintiffs' property. It appears that the tank and a meter located in the home were installed sometime prior to 1956 by Atlantic States Gas Company of New York (hereinafter Atlantic States), which was in the business of selling a mixture of butane and propane gas; the tank and meter apparently remained the property of Atlantic States after their installation. Natural gas service was installed at the premises in January 1956 by a prior owner and there is no evidence that the tank or meter was put to any use thereafter.

The assets of Atlantic States were purchased by a subsidiary of defendant pursuant to an agreement dated December 21, 1956. The closing occurred in January 1957 and Atlantic States surrendered its authority to do business in New York in May of the same year.

A search of defendant's records produced nothing which could indicate that plaintiffs or any prior owners of the premises were customers of defendant. The only contact between plaintiffs and defendant allegedly occurred in 1975, shortly after plaintiffs purchased the premises. One of plaintiffs asserts that after discovering the old unused meter in the basement he telephoned defendant's local office and was informed by an unnamed employee of defendant that "if there was a tank in the ground, it had been rendered harmless, been neutralized".

Plaintiffs assert that defendant is liable as the successor corporation to Atlantic States for the negligence of Atlantic States and in strict products liability. The complaint also alleges that defendant is liable for its own negligence in failing to warn plaintiffs of the danger posed by the old tank. Supreme Court granted partial summary judgment to defendant dismissing all causes of action except that based upon

negligent failure to warn. The parties cross-appeal from the order.

We agree with Supreme Court that defendant can have no liability as a successor corporation for Atlantic States' tortious conduct, either in negligence or strict products liability. The general rule that a corporation which acquires the assets of another cannot be held liable for the torts of its predecessor is subject to certain exceptions (see, *Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245). Plaintiffs rely upon the exceptions that permit the imposition of liability on the successor corporation if there was a consolidation or merger of the seller and purchaser or the purchasing corporation was a mere continuation of the selling corporation *(supra)*. "The [mere continuation] exception refers to corporate reorganization * * * where only one corporation survives the transaction; the predecessor corporation must be extinguished" *(supra,* at 245 [citations omitted]). Atlantic States survived the closing, albeit as a merger entity for a brief period of time, and the purchase agreement did not preclude Atlantic States' continuation as a separate and distinct corporation.

The undisputed evidence also shows that defendant's business was not identical to that of Atlantic States, which was in the business of selling a mixture of butane and propane gas and installed underground tanks in connection with that business. Defendant did not install any new underground tanks for mixed butane/propane gas and did not take on any new customers for the mixed gas. Defendant was in the business of selling pure propane and, because the tanks, valves, regulators and other equipment used for providing the butane/propane mixture were unsuitable for propane, a conversion plan was begun to convert all existing Atlantic States customers to pure propane. Defendant continued to deliver the butane/propane mixture to those customers until the conversion to propane occurred or until the customer switched to some other type of fuel.

Additional evidence establishes that although defendant purchased the assets of Atlantic States, the seller's general ledgers, minute books, general corporate records, capital stock records and personal correspondence were excluded from the sale. Although defendant employed some of Atlantic States' deliverymen, servicemen and office workers, none of Atlantic States' officers, directors or shareholders became officers, directors or shareholders of defendant or its subsidiary. Cumulatively, this evidence establishes as a matter of law that defendant is not the mere continuation of Atlantic States and

that there was no merger or consolidation. Accordingly, Supreme Court correctly dismissed plaintiffs' complaint insofar as it seeks to recover damages from defendant for products liability arising out of Atlantic States' installation of the tank and for negligence arising out of Atlantic States' abandonment of the tank without taking appropriate precautions to reduce or eliminate the risk of a subsequent leak.

Apart from liability as a successor corporation, a defendant that purchases the assets of another corporation can be held liable in negligence for failure to warn of dangers which were known or, in some cases, which it had reason to know, but the duty to warn "commonly is imposed because of some special relationship, frequently economic" *(Schumacher v Richards Shear Co., supra,* at 246; *see, Sullivan v Joy Mfg. Co.,* 70 NY2d 806). Defendant denies any knowledge of the existence of the tank at plaintiffs' premises, and there is no evidence to raise a question of fact on the question of whether defendant knew or should have known of the tank. Evidence in the record establishes that defendant received information concerning the existence and location of underground tanks of customers who were then being served by Atlantic States, but defendant received no records of former customers of Atlantic States or of the existence and location of underground tanks that had been abandoned by Atlantic States when the former customers switched to a different fuel. Nor did defendant have any economic relationship with plaintiffs or any of their predecessors in title or any other contacts with defendant sufficient to create a special relationship which would trigger the duty to warn *(see, Goldman v Packaging Indus.,* 144 AD2d 533, 535). The single call by plaintiffs to defendant is insufficient to create such a relationship *(see, supra),* particularly in light of plaintiffs' failure to inform defendant of their names and the location of the premises. Accordingly, we reject plaintiffs' claim that defendant can be held liable for breach of a duty to warn.

In addition to the claim based upon defendant's failure to warn, plaintiffs' negligence cause of action includes claims that defendant failed to inspect the tank, failed to prevent corrosion of the tank, failed to correct a dangerous condition in the tank and failed to remove the tank. Defendant, however, presented evidence to show that it had no knowledge of the existence and location of the underground tanks abandoned by Atlantic States prior to defendant's purchase of Atlantic States' assets. In the absence of any evidence in the record to show that defendant knew or should have known of

the underground tank on plaintiffs' property and its dangerous condition, we reject plaintiffs' claim that these theories should survive defendant's cross motion for summary judgment.

As a final matter, we reject plaintiffs' claim that defendant's negligence can be predicated on res ipsa loquitur. Plaintiffs presented no evidence that a leak would not have occurred in the absence of someone's negligence; nor is there any evidence that defendant had knowledge of the tank's existence and had exclusive possession and control of the tank.

Levine, J. P., Mercure and Mahoney, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied the cross motion regarding plaintiffs' first cause of action; cross motion granted to that extent, summary judgment awarded to defendant on plaintiffs' first cause of action and said cause of action dismissed; and, as so modified, affirmed.