■ Aristides Delgado, Plaintiff, v Matrix-Churchill Co. et

al., Appellants, and CYRIL BATH COMPANY, Respondent. (And Third-Party Actions.) [613 NYS2d 242] —In an action to recover damages for personal injuries, the defendants Matrix-Churchill Co. and AQL, Inc., appeal from an order of the Supreme Court, Queens County (Zelman, J.), dated April 30, 1992, which granted the motion of the defendant Cyril Bath Company for summary judgment dismissing the complaint and all cross claims against it.

Ordered that the order is affirmed, with costs.

On appeal, the defendants Matrix-Churchill Co. and AQL, Inc., contend that the Supreme Court erred in granting summary judgment in favor of the defendant Cyril Bath Company on the ground that it is not the successor in interest to its predecessor. We disagree. Generally, a corporation is not liable for the torts of its predecessor unless (1) it expressly or impliedly assumes such liability, (2) there is a consolidation or merger of the two corporations, (3) the second corporation is a mere continuation of the first, or (4) the transaction was fraudulently executed to escape such obligations *(see, Grant-Howard Assocs. v General Housewares Corp.,* 63 NY2d 291, 296; *Schumacher v Richards Shear Co.,* 59 NY2d 239, 244). Based on the evidence presented in this case, we find that the opponents to the motion failed to meet their burden of setting forth evidentiary facts sufficient to raise a triable issue of fact with regard to any of the four exceptions enumerated above.

We decline to apply the "continuity of enterprise" theory of liability *(Turner v Bituminous Cas. Co.,* 397 Mich 406, 244 NW2d 873) and note that there are no facts herein which would warrant our consideration or application of the theory *(see, Schumacher v Richards Shear Co., supra,* at 243; *Sweatland v Park Corp.,* 181 AD2d 243). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.