■ MARK P. HANSEN et al., Respondents, v FILTRON MFG. Co., INC., et al., Defendants, and RFI CORPORATION, Appellant. (And a Third-Party Action.) [723 NYS2d 85] —In an action to recover damages for personal injuries, etc., the defendant RFI Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated February 23, 1999, as, upon renewal, adhered to a prior determination in an order of the same court, dated February 29, 1996, denying that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated February 23, 1999, is reversed insofar as appealed from, on the law, with costs, upon renewal, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, the complaint is dismissed insofar as asserted against the appellant, the action against the remaining defendants is severed, and the order dated February 29, 1996, is modified accordingly.

The defendant RFI Corporation (hereinafter RFI) purchased machinery, inventory, and use of the name "Filtron" from the defendants Filtron Mfg. Co., Inc., Filtron Mfg. Co., Inc., n/k/a Filtron Co., Inc., and Filtron Mfg. Co., n/k/a Old Corp. (hereinafter collectively Filtron) in October 1991. Filtron continued to exist after the transaction and did business under another name. The plaintiffs commenced this action in 1994, alleging personal injuries and derivative claims due to exposure to a hazardous chemical contained in filters manufactured by Filtron before the sale to RFI. The plaintiffs alleged that RFI is liable solely by virtue of its status as a successor corporation to Filtron.

Upon renewal, that branch of RFI's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Generally, a corporation is not liable for the torts of its predecessor unless (1) it expressly or impliedly assumed the predecessor's liability, (2) there was a consolidation or merger of the two corporations, (3) the second corporation was a mere continuation of the first, or (4) the transaction was fraudulently executed to escape liability (*see, Schumacher v Richards Shear Co.*, 59 NY2d 239, 244; *Drexler v Highlift, Inc.*, 277 AD2d 196; *Delgado v Matrix-Churchill Co.*, 205 AD2d 575, 576). RFI demonstrated its entitlement to judgment as a matter of law by submitting evidence showing that it was a successor corporation to Filtron and that none of the exceptions apply (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In opposition, the evidence submitted by the plaintiffs failed to raise a triable issue of fact (*see, Delgado v Matrix-Churchill Co., supra*). Therefore, RFI was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see, Winegrad v New York Univ. Med. Ctr., supra*). Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.