■ JOHN J. SCIARRA, Respondent, v MEDICAL WORLD COMMUNICATIONS, INC., et al., Respondents-Appellants, ROMAINE PIERSON PUBLISHERS, INC., Formerly Known as ROMAINE PIERSON ACQUISITION CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant, and 80 SHORE ROAD CORPORATION, INC., Formerly Known as ROMAINE PIERSON PUBLISHERS, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. WILLIAM MORANDO, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [728 NYS2d 748] —In an action, *inter alia*, to recover damages for breach of contract, (1) the defendant Medical World Communications, Inc., and the defendant third-party defendant, fourth-party plaintiff Romaine Pierson Publishers, Inc., formerly known as Romaine Pierson Acquisition Corporation (hereinafter collectively the MWC defendants), appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated February 17, 2000, as denied those branches of their motion which were for summary judgment (a) dismissing the complaint insofar as asserted against them, (b) dismissing the causes of action of the defendant 80 Shore Road Corporation, Inc., formerly known as Romaine Pierson Publishers, Inc., and the fourth-party defendant William Morando (hereinafter collectively the 80 Shore Road defendants) for a defense and indemnification from them, (c) on their causes of action for a defense and indemnification from the 80 Shore Road defendants, and (2) the defendant 80 Shore Road Corporation, Inc., formerly known as Romaine Pierson Publishers, Inc., appeals from so much of the same order, as denied its (a) motion for summary judgment dismissing the complaint, (b) cross motion for summary judgment on its cause of action for a defense and indemnification from the MWC defendants, and (c) motion for the imposition of a sanction against the plaintiff for failing to disclose the affidavit of Raymond A. Gosselin.

Ordered that the order is modified (1) by deleting the provision thereof denying that branch of the motion of the MWC defendants which was for summary judgment dismissing the causes of action of the 80 Shore Road defendants for a defense and indemnification from them and substituting therefor a provision granting that branch of their motion, and (2) by deleting the provision thereof denying that branch of the motion of the MWC defendants which was for summary judgment on their causes of action for a defense and indemnification from the 80 Shore Road defendants and substituting therefor a provision

granting that branch of their motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the 80 Shore Road defendants to the MWC defendants.

The Supreme Court correctly determined that ambiguities in a 1989 agreement (hereinafter the 1989 St. John's Agreement), which cannot be resolved with the extrinsic evidence adduced by the defendant 80 Shore Road Corporation, Inc., formerly known as Romaine Pierson Publishers, Inc., preclude summary judgment dismissing the plaintiff's claim under that agreement (*see, Estate of Hatch v NYCO Mins.*, 245 AD2d 746). Moreover, issues of fact preclude dismissal of the complaint against the defendant Medical World Communications, Inc., and the defendant third-party defendant, fourth-party plaintiff Romaine Pierson Publishers, Inc., formerly known as Romaine Pierson Acquisition Corporation (hereinafter the MWC defendants) (*see, Delgado v Matrix-Churchill Co.*, 205 AD2d 575).

However, the Supreme Court erred in denying the motion of the MWC defendants for a defense and indemnification from the defendant 80 Shore Road Corporation, Inc., formerly known as Romaine Pierson Publishers, Inc., and the fourth-party defendant William Morando (hereinafter the 80 Shore Road defendants), and conversely in denying the MWC defendants' motion to dismiss the 80 Shore Road defendants' claims for similar relief (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157). The parties' July 21, 1995, Asset Purchase Agreement provided that the 80 Shore Road defendants would be responsible for the "Unassumed Liabilities" and that the 80 Shore Road defendants would defend and indemnify the MWC defendants for claims arising from the "Unassumed Liabilities," and the parties August 1, 1995, agreement defined the 1989 St. John's Agreement as an "Unassumed Liability." Consequently, the 80 Shore Road defendants agreed to defend and indemnify the MWC defendants for the plaintiff's claim for royalties under the 1989 St. John's Agreement. Contrary to the contention of the 80 Shore Road defendants, a plain reading of the agreements does not lead to the conclusion that the MWC defendants agreed to assume responsibility for all claims arising under the 1989 St. John's Agreement that accrued after the MWC defendants purchased their assets.

Finally, the Supreme Court properly denied the motion of the 80 Shore Road defendants for sanctions against the plaintiff. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.