Alvarado v Dreis & Krump Mfg. Co. (2004 NY Slip Op 50048(U))

[*1]

Alvarado v Dreis & Krump Mfg. Co.

2004 NY Slip Op 50048(U)

Decided on January 23, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2004

Supreme Court, Bronx County
 SAMUEL ALVARADO, Plaintiff,
against
DREIS AND KRUMP MANUFACTURING COMPANY, FEDERAL MACHINERY CORPORATION and A&R SHEAR AND BRAKE SERVICE CORPORATION, Defendants.
SAMUEL ALVARADO, Plaintiff,
against
FEDERAL EQUIPMENT, a division of PME TECHNOLOGIES, INC., a successor in interest to FEDERAL MACHINERY CORP., Defendants.
Index No.: 17447/1999

Dianne T. Renwick, J.
The following documents were considered in reviewing defendant's motion for an order granting summary judgment in its favor:
Papers Numbered
Notice of Motion, Affirmation 1, 2 (Exhibits)
Plaintiff's Affirmation in Opposition 3 (Exhibits)
Reply Affirmation 4
Plaintiff Samuel Alvarado commenced this action to recover money damages for personal injuries sustained during his employment at a factory. Plaintiff sues Dreis and Krump Manufacturing, the manufacturer of the machine that caused plaintiff's injuries, and Federal Machine Corporation, the company that sold the machine to plaintiff's employer. Plaintiff also sues PME Technologies, as successor in interest to Federal Machine Corporation. PME Technologies now moves for summary judgment dismissing the claims asserted against it, on the ground that it cannot be found liable for any negligence on the part of the seller of the machine [*2]simply because it purchased its assets before Federal Machine Corporation dissolved. Defendant also requests the imposition of costs and attorney's fees against plaintiff and his attorney for not discontinuing a case that allegedly has no reasonable basis in law.
Background
On August 21, 1997, plaintiff Samuel Alvarado sustained injuries while working for Acoustical Accessories Corporation, a 20,000 square foot factory in The Bronx. The company, which employed about fifteen workers, manufactured aluminum grids and braces that support acoustical ceilings. At the time of plaintiff's accident, plaintiff operated a "Chicago Steel Press Brake Machine," punching holes in sheet metal, when his right index finger got crushed by the machine, causing its amputation.
The machine had been manufactured by Dreis and Krump, which since then filed for bankruptcy. Plaintiff's employer bought the machine from the now-defunct business Federal Machine Corporation, which was located in New York City. While in operation, Federal Machine Corporation engaged in the business of purchasing and selling used and new press-type machines. On October 14, 1996, Federal Machine Corporation sold practically its whole business to PME Technologies, a corporation formed in April 1996 and operated from Rockonkowa, New York. Specifically, PME Technologies purchased all of Federal Machine Corporation's merchandise, inventory, fixtures, including customers' list, telephone numbers and catalogs. The sale agreement did not include the accounts receivable, but it included the right for the exclusive use of the name Federal Machine Corporation. Nor did it include the machine that caused plaintiff's injuries; it had been sold to plaintiff's employer an unspecified number of years before the accident.
Apparently, with the assets purchased from Federal Machine Corporation, PME Technologies formed a subdivision named Federal Equipment. None of the owners, directors, shareholders and employees of Federal Machine Corporation became owners, directors, shareholders or employees of either PME Technologies, or its subdivision, Federal Equipment. The death of its owner triggered the dissolution of Federal Machine Corporation. Upon the death of his son, the original owner of the corporation, sold the company inventory and equipment to PME Technologies. Immediately upon the sale, the company stopped functioning but did not officially dissolve until a year and a half later.

Discussion
Defendant PME Technologies now moves for summary judgment dismissing the claims asserted against it. It is well settled that the proponent of a motion for summary judgment must establish that "there is no defense to the cause of action or that the cause of action or defense has no merit," (C.P.L.R. §3212[b]), sufficiently to warrant the court as a matter of law to direct judgment in his or her favor. Bush v. St. Claire's Hospital, 82 N.Y.2d 738, 739 (1993); Winegrad v. New York University Medical Center, 64 N.Y.2d 851, 853 (1985).Where the proponent of the motion makes a prima facie showing of entitlement to summary judgment, the burden shifts to the party opposing the motion to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action, or to tender an acceptable excuse for his or her failure to do so. Vermette v. Kenworth Truck Company, 68 N.Y.2d 714, 717 (1986); Zuckerman v. City of New York, 49 N.Y.2d 557, 560, 562 (1980).
 Defendant PME Technologies moves for summary judgment on the ground that it cannot [*3]be found liable for any negligence of the seller of the machine simply because it purchased its assets before the seller-corporation dissolved. Defendant PME Technologies seeks shelter in the general rule followed by New York courts that a "corporation that acquires the assets of another company is not liable for the torts of its predecessor." Schumacher v. Richards Shear Company, Inc., 59 N.Y.2d 239 (1983). New York case law, however, recognizes certain exceptions to the general rule: "[a] corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability; or (2) there was a consolidation or merger of seller and purchaser; or (3) the purchasing corporation was a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently to escape such obligations." Schumacher, 59 N.Y.2d at 245;Handsen v. Filtron Mfg. Co, Inc., 282 A.D.2d 433 (2nd Dept. 2001); Delgado v. Matrix-Churchill Co. 205 A.D.2d 575 (2nd Dept. 1994).
 Plaintiff contends that defendant PME Technologies has successor liability on the ground that it is a "mere continuation" of the predecessor business of Federal Machinery Corporation so that the third exception applies. Under New York law, the "mere continuation" exception "refers to corporate reorganization, . . . where only one corporation survives the transaction; the predecessor corporation must be extinguished." Schumacher, 59 N.Y.2d at 245. The successor-buyer is not in existence prior to the purchase of the predecessor's assets, and the predecessor-seller does not survive the sale of the assets. Greenlee v. Sherman, 142 A.D.2d 472 (3rd Dept. 1989). Other factors considered by New York courts to be indicative of the "mere continuation" exception are that the business of the successor is the same as the business of the predecessor, the business employs the same work force, and the predecessor's officers and directors become the officers and directors of the successor. Mitchell v. Suburban Propane Gas Corp.,182 A.D.2d 934 (1992).
Here, this Court finds that plaintiff has failed to meet his burden of setting evidentiary facts sufficient to raise a trial issue with regard to the applicability of the "mere continuation" exception. The undisputed evidence establishes that PME Technologies essentially purchased the entire assets of Federal Machinery, which consisted basically of its physical assets, the inventory equipment. The only significant asset that it did not buy was the accounts receivable. It is also undisputed that none of the owners, directors, shareholders and employees of Federal Machine Corporation became owners, directors, shareholders or employees of either PME Technologies, or its subdivision, Federal Equipment. Cumulatively, this evidence establishes as a matter of law that defendant PME Technologies is not the mere continuation of Federal Machinery Corporation. Cf. Mitchell v. Suburban Propane Gas Corp., 182 A.D.2d 934 (1st Dept. 1992) (Court held that purchaser was not a mere continuation of the predecessor solely because it purchased its assets, since, inter alia, the seller's general ledgers, minute books, general corporate records, capital stock records, and personal correspondence were excluded from the sale, and none of the seller's officers, directors, or shareholders, became officers, directors, or shareholders of the purchaser); Handsen v. Filtron Mfg. Co, Inc.,282 A.D.2d 433 (2nd Dept. 2001) (Successor corporation to a manufacturer of filters not liable for torts acts of its predecessor merely because it purchased machinery, inventory and use of corporate name).
Indeed, the "mere continuation" exception refers to a continuation of the selling corporation in a different form, and not merely, as plaintiff suggests here, to a continuation of the seller's business. It applies where a purported asset sale is in effect a form of corporate [*4]reorganization. Schumacher, supra, 59 N.Y.2d at 245. For this exception to come into operation "the purchasing corporation must represent merely a 'new hat' for the seller." See, Ladjevardian v. Laidlaw-Coggeshall, Inc.,431 F.Supp. 834, 839 (S.D.N.Y.1977). That is, it is not simply, as plaintiff claims, the business of the original corporation that continues, but the corporate entity itself. Schumacher, supra, 59 N.Y.2d at 245. What it accomplishes is something in the nature of a corporate reorganization, rather than a mere sale. Id. See also, Mitchell v. Suburban Propane Gas Corp., supra; Handsen v. Filtron Mfg. Co, Inc.,supra
In sum, PME Technologies has demonstrated its entitlement to judgment as a matter of law by submitting evidence showing that it was a corporate entity separate and distinct from Federal Machine Corporation and that the only involvement it had with its predecessor was the purchase of substantially all its physical assets. Cf. Mitchell v. Suburban Propane Gas Corp., supra; Handsen v. Filtron Mfg. Co., Inc., supra. In opposition, the evidence submitted by plaintiff Samuel Alvarado has failed to raise a triable issue of fact that any of the exceptions that permit imposition of liability on the successor corporation applies to this case. Therefore, PME Technologies, Inc. is entitled to summary judgment dismissing the complaint as far as asserted against it. See, Winegrad v. New York Univ. Med. Ctr., supra, 64 N.Y.2d at 853.
Defendant, however, is not satisfied with just a dismissal of the action. PME Technologies requests the imposition of costs and attorney's fees against plaintiff and his attorneys pursuant, to CPLR § 8303-a and 22 NYCRR §130-1.1(c), for not discontinuing a case that has no reasonable basis in law. Although this Court has found plaintiff's argument to be unpersuasive, this Court is not convinced that defendant has demonstrated that the claim is frivolous, or that plaintiff is simply seeking to harass or maliciously injure defendant, or have undertaken to oppose the motion for summary judgment primarily to delay or prolong the litigation. See, Lewis v. Stiles, 158 A.D.2d 589 (2nd Dept. 1990); Mechta v. Mack, 154 A.D.2d 440 (2d Dept., 1989); Lincoln Savings Bank v. Warren, 156 A.D.2d 510 (2d Dept., 1989 ). Significantly, plaintiff's counsel's valiant efforts for his client and reticence to discontinue the action may be related to the fact that plaintiff is without any other source of relief. The other two defendants appear to be judgment proof because of their respective bankruptcy and dissolution of business. Under the circumstances, this Court exercises its discretion pursuant 22 NYCRR §130-1.1, by declining to impose sanctions against plaintiff and his counsel.

Conclusion
For the foregoing reasons, it is hereby
ORDERED that the motion for summary judgment dismissing the claims asserted against defendant PME Technologies is granted; and it is further
ORDERED that the Clerk shall enter a judgment in favor of said defendant, severing and dismissing forthwith the claims asserted against defendant PME Technologies; it is further
ORDERED that the motion for sanctions against plaintiff and his counsel is denied.
This constitutes the Decision and Order of the Court.
Bronx, New York Hon. Dianne T. Renwick, J.S.C.
Decision Date: January 23, 2004