■ DAVID M. LEDY et al., Appellants, v SUZI WILSON et al., Defendants, and MARK SARD et al., Respondents. [831 NYS2d 61]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered November 1, 2006, which, to the extent appealed from, denied plaintiffs' cross motion for summary judgment dismissing the counterclaims of defendants Sard and Rosen, but dismissed those counterclaims without prejudice, unanimously affirmed, with costs.

In this action against former employees of U.S. Realty Advisors for interference with the corporate plaintiffs' business

advantage, defendants Sard and Rosen counterclaimed for breach of contract and unjust enrichment due to plaintiffs' repurchase of these defendants' interests in certain limited liability companies (the LLCs) that were allegedly dominated and controlled by plaintiffs, at book value rather than the fair market value allegedly agreed upon.

Plaintiffs established prima facie entitlement to summary judgment by submitting the affidavit of plaintiff Ledy, a member of each of the corporate plaintiffs, who stated that the LLCs were fully capitalized, independent entities in which plaintiffs owned no interests that were the subject of the counterclaims herein (*John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 540 [2006]). However, Sard and Rosen did raise material issues of fact as to whether plaintiffs were the alter egos of the LLCs. Indeed, evidence was submitted that the corporate plaintiffs and the LLCs shared common officers and directors, and their operations were located in the same offices (*see Cherkasets v Gordon*, 21 AD3d 856 [2005]), resulting in a "fact-laden claim to pierce the corporate veil [that] is particularly unsuited for resolution on summary judgment" (*Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1996]).

Contrary to plaintiffs' contention, the individual plaintiffs can be held personally liable for the LLCs' breach of contract if the officers took the challenged actions on the LLCs' behalf and the breach involved bad-faith misrepresentations (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 294 [1999]). Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.