■ NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, as Subrogee of CHRISTOPHER DiGUILIO, Respondent, v LONG ISLAND AIR CONDITIONING, INC., Appellant, and CHRISTOPHER NAPPE PLUMBING & HEATING, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [912 NYS2d 226]—

In a subrogation action, inter alia, to recover damages for breach of contract, the defendant Long Island Air Conditioning, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 23, 2009, as granted the motion of the defendant Christopher Nappe Plumbing & Heating, Inc., for summary judgment dismissing the amended complaint insofar as asserted against that defendant, and denied that branch of its motion which was for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted the motion of the defendant Christopher Nappe Plumbing & Heating, Inc., for summary judgment dismissing the amended complaint insofar as asserted against that defendant is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

As a general rule, a corporation which acquires the assets of another corporation is not liable for the torts of its predecessor (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]). However, a corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the

predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction was entered into fraudulently to escape such obligations (*id.* at 245; *see Hartford Acc. & Indem. Co. v Canron, Inc.*, 43 NY2d 823, 825 [1977]; *Kretzmer v Firesafe Prods. Corp.*, 24 AD3d 158 [2005]; *Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp.*, 22 AD3d 750 [2005]; *Hansen v Filtron Mfg. Co.*, 282 AD2d 433 [2001]). This doctrine is also applicable in breach of contract actions (*see Kretzmer v Firesafe Prods. Corp.*, 24 AD3d at 158; *Fitzgerald v Fahnestock & Co.*, 286 AD2d 573 [2001]). For a successor corporation to establish that it is entitled to summary judgment on the ground that it is not liable, it must demonstrate that none of the four aforementioned exceptions applies (*see Meadows v Amsted Indus.*, 305 AD2d 1053 [2003]; *Hansen v Filtron Mfg. Co.*, 282 AD2d at 434).

Here, the Supreme Court properly denied that branch of the motion of the defendant Long Island Air Conditioning, Inc. (hereinafter LIAC), which was for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. Triable issues of fact remain as to whether there was a de facto merger of the seller and purchaser, and whether LIAC was a mere continuation of the selling corporation (*see Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp.*, 22 AD3d at 752; *Washington Mut. Bank, F.A. v SIB Mtge. Corp.*, 21 AD3d 953 [2005]; *Matter of New York City Asbestos Litig.*, 15 AD3d 254 [2005]; *Burgos v Pulse Combustion* 227 AD2d 295 [1996]). Thus, LIAC failed to establish, prima facie, that none of the four aforementioned exceptions applied.

Accordingly, the Supreme Court properly denied that branch of LIAC's motion which was for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.