Shea v Salvation Army (2019 NY Slip Op 01441)





Shea v Salvation Army


2019 NY Slip Op 01441


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-03365
 (Index No. 21943/13)

[*1]Julia Shea, etc., appellant, 
v
Salvation Army, et al., defendants, US Security Associates, respondent.


Philip J. Rizzuto, P.C., Uniondale, NY (Kenneth R. Shapiro of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Kenneth Gerard of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated January 11, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant US Security Associates which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant US Security Associates which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is denied.
The plaintiff commenced this action, inter alia, to recover damages for wrongful death, alleging, among other things, that the negligence of the defendant US Security Associates (hereinafter USSA) in providing security at an assisted living facility caused or contributed to the murder of the decedent, who resided there. USSA moved pursuant to CPLR 3211(a)(7) to dismiss the complaint and all cross claims insofar as asserted against it on the ground that it did not owe the plaintiff's decedent a duty of care, as it had not been retained to provide security at the facility on the date of the murder. In support, USSA submitted evidence that another entity furnished security for the facility at the time of the murder, and that USSA purchased the assets of that entity some six days after the murder and therefore could not be held liable. In opposition to the motion, the plaintiff argued, inter alia, that USSA could be held liable as the successor of the company that formerly provided security. The Supreme Court granted USSA's motion, and the plaintiff appeals from so much of the order as granted that branch of USSA's motion which was to dismiss the complaint insofar as asserted against it. We reverse insofar as appealed from.
Generally, "a corporation which acquires the assets of another is not liable for the torts of its predecessor" (Schumacher v Richards Shear Co., 59 NY2d 239, 244; see Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 801). However, such liability may arise if the successor corporation expressly or impliedly assumed the predecessor's tort liability, there was a consolidation or merger of seller and purchaser, the purchaser corporation was a mere continuation of the seller corporation, or the transaction was entered into fraudulently to escape such obligations [*2](see Hartford Acc. & Indem. Co. v Canron, Inc., 43 NY2d 823, 825; Wass v County of Nassau, 153 AD3d 887, 888).
Moreover, "[w]here, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7) . . . the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1227-1228; see Leon v Martinez, 84 NY2d 83, 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Sokol v Leader, 74 AD3d 1180, 1182). " Accordingly, consideration of such evidentiary materials will almost never warrant dismissal under CPLR 3211(a)(7) unless the materials establish conclusively that [the plaintiff] has no [claim or] cause of action'" (Henn v City of New York, 164 AD3d 766, 767, quoting Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258 [internal quotation marks omitted]; see Torres v City of New York, 153 AD3d 647, 648).
Contrary to the Supreme Court's determination, the documentary and affidavit evidence submitted by USSA in support of its motion failed to conclusively establish that the plaintiff had no cause of action against it. More particularly, that evidence failed to demonstrate that the exceptions to the general rule of a successor corporation's nonliability where there was a de facto merger between the purchaser and the seller, or where the purchaser is a mere continuation of the seller, do not apply to this case (see generally Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d at 802; Fitzgerald v Fahnestock & Co., 286 AD2d 573). Accordingly, that branch of USSA's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it should have been denied.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court