Schultz v Alamo Group Inc. (2021 NY Slip Op 01683)





Schultz v Alamo Group Inc.


2021 NY Slip Op 01683


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1225 CA 20-00744

[*1]DONALD F. SCHULTZ, III, AS ADMINISTRATOR OF THE ESTATE OF DONALD F. SCHULTZ, II, DECEASED, PLAINTIFF-RESPONDENT,
v
ALAMO GROUP INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CLEAN EARTH ENVIRONMENTAL GROUP, LLC, CLEAN EARTH KENTUCKY, LLC, AND/OR VACALL INDUSTRIES, INC., ALAMO GROUP (TX), INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CLEAN EARTH ENVIRONMENTAL GROUP, LLC, CLEAN EARTH KENTUCKY, LLC, AND/OR VACALL INDUSTRIES, INC., GRADALL INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO VACALL INDUSTRIES, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






HURWITZ & FINE, P.C., BUFFALO (BRENNA C. GUBALA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered May 21, 2020. The order denied the motion of defendants-appellants for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action after plaintiff's decedent sustained severe injuries, ultimately leading to his death, as a result of decedent's operation of a sewer-cleaning truck in the course of his employment. The truck was manufactured by a company (predecessor company) from which assets were purchased by nonparty Alamo Group (AL) Inc., as guaranteed by defendant Alamo Group Inc. (collectively, Alamo Group). In the complaint, plaintiff asserted causes of action for, inter alia, strict products liability and wrongful death. Defendants-appellants (defendants) moved for summary judgment dismissing the complaint against them on the ground that they could not be held liable for the alleged tortious acts of the predecessor company. Defendants asserted that their asset purchase agreement (APA), as approved by the order of the Bankruptcy Court overseeing the Chapter 11 reorganization of the predecessor company, precluded the assertion against them of liability claims related to the subject assets. Defendants highlighted that the Bankruptcy Court order permitted the predecessor company to sell the subject assets to the Alamo Group free and clear of all liens and liabilities, including successor liability, and that the Alamo Group required such as a condition of the purchase. Supreme Court denied the motion, and we affirm.
Defendants contend that they cannot be held liable under the de facto merger doctrine inasmuch as there was no continuity of ownership (see Sweatland v Park Corp., 181 AD2d 243, 245-246 [4th Dept 1992]; see also Simpson v Ithaca Gun Co. LLC, 50 AD3d 1475, 1476 [4th Dept 2008], lv denied 11 NY3d 709 [2008]). Defendants, however, failed to address the factor of continuity of ownership in their motion papers, and thus their contention is not properly before us [*2]on this appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Defendants further contend that the language in the APA and the order of the Bankruptcy Court purporting to limit their successor liability establish their prima facie entitlement to judgment as a matter of law. We likewise reject that contention. The parties to the APA could regulate how successor liability would be allocated among themselves, but such provisions in the APA "cannot affect the rights of a stranger to their contract" (Grant-Howard Assoc. v General Housewares Corp., 63 NY2d 291, 297 [1984]; see Sweatland, 181 AD2d at 247; Wensing v Paris Indus.-N.Y., 158 AD2d 164, 166-167 [3d Dept 1990]). Furthermore, the Bankruptcy Court may permit the free and clear sale of assets only if nonbankruptcy law, such as our State law, permits it (see 11 USC § 363 [f] [1]).
Inasmuch as the APA and the order of the Bankruptcy Court were the only two bases on which defendants moved for summary relief, we conclude that they failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (see Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 802 [2d Dept 2010]; see also Meadows v Amsted Indus., 305 AD2d 1053, 1054-1055 [4th Dept 2003]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Thus, we need not consider the adequacy of plaintiff's opposing submissions (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Gagnon v St. Joseph's Hosp., 90 AD3d 1605, 1606 [4th Dept 2011]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court