Menche v CDx Diagnostics, Inc. (2021 NY Slip Op 05964)





Menche v CDx Diagnostics, Inc.


2021 NY Slip Op 05964


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-02978
 (Index No. 31224/17)

[*1]Solomon Menche, appellant, 
v
CDx Diagnostics, Inc., et al., respondents.


The Feinsilver Law Group, P.C., Brooklyn, NY (H. Jonathan Rubinstein of counsel), for appellant.
Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated February 13, 2018. The order granted the defendants' converted motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' converted motion for summary judgment dismissing the complaint is denied.
In 2008, the plaintiff commenced an action to collect on a promissory note against CDx Laboratories, Inc. (hereinafter Labs), Oral Cancer Prevention International, Inc. (hereinafter OCPI), and Mark R. Rutenberg. The parties to that action agreed to submit their dispute to arbitration, and in February 2011 the arbitrator issued an arbitration award which provided that Labs was required to pay the plaintiff the principal sum of $250,000, and that Rutenberg was required to transfer to the plaintiff 1% of the shares of OCPI and 20,000 shares of Labs. Rutenberg also was to pay the plaintiff a substantial monetary sum in exchange for a stay of enforcement of the award so that Labs could acquire financing to pay the award.
Shortly thereafter, various secured creditors commenced an action against Labs alleging that it had defaulted on promissory notes worth more than $9 million which were secured by liens on all of Labs' assets. On September 26, 2011, Labs' assets were sold to the secured creditors for the sum of $5 million.
In September 2014, the Supreme Court granted the plaintiff's renewed motion to confirm the arbitration award. In December 2015, the court issued an amended judgment in favor of the plaintiff and against Labs in the principal sum of $250,000.
In March of 2017, the plaintiff commenced this action against CDx Diagnostics, Inc. (hereinafter Diagnostics), OCPI, and Rutenberg. The plaintiff alleged in the complaint that Diagnostics had acquired all of Labs' assets, retained Labs' management and employees, begun operating from the same business location, and retained the telephone numbers, customer relationships, vendor relationships, and goodwill of Labs' business operations. The plaintiff sought, [*2]inter alia, a declaration that Diagnostics is liable for Labs' obligations to the plaintiff pursuant to successor liability. In April of 2017, the defendants moved pursuant to CPLR 3211(a)(1), (3), (5), and (7) to dismiss the complaint. The Supreme Court converted the motion into a motion for summary judgment dismissing the complaint, and, in an order dated February 13, 2018, granted the motion. The plaintiff appeals.
Initially, we note that the Supreme Court erred in converting the motion to dismiss to one for summary judgment (see CPLR 3211[c]; Hendrickson v Philbor Motors, Inc., 102 AD3d 251). The plaintiff objected to this procedure on the ground that he had not received any discovery, and no preliminary conference had taken place due to the pendency of the motion to dismiss, which was made only one month after this action was commenced. Indeed, a motion for summary judgment is premature when a party had no reasonable opportunity to conduct discovery, and discovery may result in disclosure of evidence relevant to the causes of action asserted in the complaint (see CPLR 3212[f]; Bank of Am., N.A. v Hillside Cycles, Inc., 89 AD3d 653). Here, issue was not yet joined and there had been no opportunity to engage in discovery regarding the plaintiff's allegations of successor liability and fraud with respect to the apparent transformation of Labs into Diagnostics. Therefore, converting the motion to dismiss into a motion for summary judgment was premature.
In any event, upon the limited record developed herein, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendants' evidence did not establish as a matter of law that Diagnostics was not the de facto continuation of Labs. "A corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction [was] entered into fraudulently to escape such obligations" (Schumacher v Richards Shear Co., 59 NY2d 239, 245; see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167; Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 801-802). For a successor corporation to establish entitlement to summary judgment on the ground that it is not liable for the debts of its predecessor, it must demonstrate that none of these exceptions applies (see Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d at 802). A transaction structured as a purchase of assets may be deemed to fall within the exception to nonliability as a de facto merger (see Bonanni v Horizons Invs. Corp., 179 AD3d 995). The hallmarks of a de facto merger, which are to be considered in determining whether it was the intent of the successor to absorb and continue the operation of the predecessor, are "continuity of ownership; cessation of ordinary business and dissolution of the predecessor as soon as possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and, a continuity of management, personnel, physical location, assets, and general business operation" (Matter of AT & S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 752). When the acquired corporation is shorn of its assets and becomes a "shell," legal dissolution is not required to support a finding of de facto merger (Bonanni v Horizons Invs. Corp., 179 AD3d at 998 [internal quotation marks omitted]). Continuity of ownership is the essence of a merger in nontort actions (see id. at 998-999). While there can be no continuity of ownership when the asset seller (here, Labs) received fair value consideration for its assets, an exception applies when that consideration is then cycled back to the successor (here, Diagnostics) at the expense of creditors like the plaintiff (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 150 AD3d 490, 491-492). Furthermore, there can still be continuity of ownership and therefore successor liability when shareholder interests are acquired as part of a series of transactions integrated as a whole (see id. at 491; see also Goldenberg v Friedman, 191 AD3d 641, 643-644).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for fraud (see River Ridge Living Ctr., LLC v ADL Data Sys., Inc., 98 AD3d 724), which allege that Rutenberg made specific misrepresentations of fact in June or July 2011 to induce the plaintiff to refrain from collecting on the debt (see CPLR 3016[b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Vision Accomplished, Inc. v Lowe Props., LLC, 131 AD3d 1163, 1164).
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action seeking an accounting regarding the plaintiff's shares of OCPI. Contrary to the defendants' contentions, the corporate officers and directors of OCPI owe a fiduciary duty to the plaintiff as a shareholder of the corporation (see Schwartz v Marien, 37 NY2d 487, 492; Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660).
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action on the ground that it is barred by the statute of frauds. The breach of contract cause of action alleged that in June or July 2011 Rutenberg promised to pay the plaintiff the amounts owed if the plaintiff refrained from seeking to confirm the arbitration award while Rutenberg sought to reorganize the defendants' finances. General Obligations Law § 5-701(a)(2) provides that a special promise to answer for the debt of another person must be in writing to be enforced (see Martin Roofing v Goldstein, 60 NY2d 262, 264; A.F. Supply Corp. v Perfect Lock & Sec., Inc., 143 AD3d 747). However, the "part performance doctrine" provides that the statute of frauds does not apply to an oral agreement when one party partially performs, detrimentally relying on the agreement, and that performance is unequivocally referable to the agreement (Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v Aegis Group, 93 NY2d 229, 235). Part performance in the form of inaction may also suffice to invoke the doctrine, if inaction is pleaded as a term of the oral agreement and alleged to be unequivocally referable to the oral agreement, and the element of detrimental reliance is present (see id. at 235-236). Here, the defendants failed to demonstrate, prima facie, that the plaintiff did not partially perform by refraining from seeking to confirm the arbitration award, thereby rendering the statute of frauds inapplicable.
Accordingly, in addition to the improper conversion of the defendants' motion to dismiss, their failure to make a prima facie showing of entitlement to judgment as a matter of law required denial of the converted motion for summary judgment regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court