Deming v County of Chautauqua
2026 NY Slip Op 03552
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

SCOTT M. DEMING, JR., AS ADMINISTRATOR OF THE ESTATE OF SCOTT M. DEMING, SR., DECEASED, PLAINTIFF,
v
COUNTY OF CHAUTAUQUA, CHAUTAUQUA COUNTY DEPARTMENT OF PUBLIC FACILITIES, CHAUTAUQUA COUNTY LANDFILL, AND JAMES CHRIST, DEFENDANTS. ----------------------------------------------- COUNTY OF CHAUTAUQUA, CHAUTAUQUA COUNTY DEPARTMENT OF PUBLIC FACILITIES, CHAUTAUQUA COUNTY LANDFILL, AND JAMES CHRIST, THIRD-PARTY PLAINTIFFS-RESPONDENTS,
BESTWAY CONTAINER SERVICES, LLC, THIRD-PARTY DEFENDANT, AND CASELLA WASTE MANAGEMENT OF N.Y., INC., THIRD-PARTY DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
285 CA 25-00104
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

THE COPPOLA FIRM, BUFFALO (KIMBERLY WALLACE OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
GROSS SHUMAN P.C., BUFFALO (KEIFER S. TEHAN OF COUNSEL), FOR DEFENDANTS-THIRD-PARTY PLAINTIFFS—RESPONDENTS COUNTY OF CHAUTAUQUA, CHAUTAUQUA COUNTY DEPARTMENT OF PUBLIC FACILITIES, AND CHAUTAUQUA COUNTY LANDFILL.

Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered December 31, 2024. The order denied the motion of third-party defendant Casella Waste Management of N.Y., Inc. for an order dismissing the amended third-party complaint against it.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, as administrator of the estate of Scott M. Deming, Sr., deceased (decedent), commenced this negligence and wrongful death action after decedent, while working as an employee of third-party defendant Bestway Container Services, LLC (Bestway), sustained fatal injuries. Decedent was struck by a bulldozer operated by defendant-third-party plaintiff James Christ, an employee of defendant-third-party plaintiff County of Chautauqua (County), at defendant-third-party plaintiff Chautauqua County Landfill. At the time of the accident, Bestway had a contract with the County for garbage and container services, pursuant to which Bestway agreed to indemnify the County. After decedent's accident, third-party defendant Casella Waste Management of N.Y., Inc. (Casella) entered into an asset purchase agreement (APA) with Bestway. Defendants-third-party plaintiffs commenced a third-party action against Bestway and Casella seeking contribution, common-law indemnification, and contractual indemnification. Casella moved pursuant to CPLR 3211 (a) (7) to dismiss the amended third-party complaint against it and submitted the APA in support of its motion. Supreme Court denied the motion, and Casella now appeals.
Initially, we agree with Casella that the court erred in applying the summary judgment standard to Casella's motion to dismiss. Although a court may convert a motion to dismiss to one for summary judgment, "it must first provide adequate notice to the parties, and thus give [*2]them an opportunity to make an appropriate record" (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; see CPLR 3211 [c]; Barker v Gervera, 236 AD3d 1318, 1320 [4th Dept 2025]), which was not done here. Further, the parties did not "deliberately chart[ ] a summary judgment course" (Barker, 236 AD3d at 1320-1321 [internal quotation marks omitted]), and conversion to a summary judgment motion is inappropriate where, as here, such a motion would be premature (see id. at 1321). We therefore review Casella's contentions in the context of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Klymn v Supreme Ct., Monroe County, 240 AD3d 1320, 1321 [4th Dept 2025]).
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction," and we must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Rovello, 40 NY2d at 634). "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]). Where, however, "evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer, 43 NY2d at 275 [emphasis added]; see Cohen & Lombardo, P.C. v Connors, 169 AD3d 1399, 1401 [4th Dept 2019]).
Here, we conclude that the allegations in the amended third-party complaint, liberally construed, establish that defendants-third-party plaintiffs have causes of action for contribution, common-law indemnification, and contractual indemnification. "It is the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor" (Schumacher v Richards Shear Co., 59 NY2d 239, 244 [1983]). However, "[a] corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" (id. at 245). This doctrine is also applicable to contractual liabilities (see One Riv. Run Acquisition, LLC v Milde, 239 AD3d 519, 521 [1st Dept 2025]; R & D Elecs., Inc. v NYP Mgt., Co., Inc., 162 AD3d 1513, 1515 [4th Dept 2018]; Hamilton Equity Group, LLC v Juan E. Irene, PLLC, 101 AD3d 1703, 1704-1705 [4th Dept 2012]; Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 802 [2d Dept 2010]). The second and third exceptions are "based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (Grant-Howard Assoc. v General Housewares Corp., 63 NY2d 291, 296 [1984]).
Defendants-third-party plaintiffs alleged in the amended third-party complaint that, in acquiring Bestway, Casella assumed Bestway's obligations under its contract with the County, including Bestway's obligation to indemnify the County. Casella contends, however, that it did not purchase Bestway's assets until after the accident and, pursuant to the APA, Casella expressly assumed none of Bestway's liabilities that existed, or may have existed, before the purchase. We reject that contention inasmuch as the APA does not "demonstrate conclusively that" the second and third exceptions set forth in Schumacher do not apply (Stuber v Stuber, 209 AD3d 1297, 1297 [4th Dept 2022]; see Schultz v Alamo Group Inc., 192 AD3d 1630, 1631 [4th Dept 2021]). We thus conclude that defendants-third-party plaintiffs sufficiently alleged causes of action against Casella for contribution, common-law indemnification, and contractual indemnification (see generally Avamer 57 Fee LLC v Hunter Boot USA LLC, 241 AD3d 401, 402 [1st Dept 2025]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court